O'Finley Biggins by next friend v. Gulf, Colorado & Santa Fe Railway Company.

No. 1940. Decided April 21, 1909.

1.—Pleading—Intentional Assault—Negligent Injury.

Plaintiff's pleading seeking to recover for an assault and battery (shooting with a pistol) alleged to have been intentionally made, it was error to submit the question of defendant's liability in case the pistol was found to have

Vol. CII, Supreme—27.

been unintentionally but negligently discharged. The grounds of liability and defenses in case of negligent and in that of intentional injury are different. (P. 419.)

**2.—Evidence—Bill of Exceptions.**

The servant whose act in wounding plaintiff with a pistol was the basis of plaintiff's claim to recover having testified by deposition that the discharge was accidental, and an indictment against him for assault to murder plaintiff being offered in evidence to affect his credibility, but not preserved in the bill of exceptions, which did not show that the transactions were the same or that the witness had knowledge of the indictment when testifying, the record failed to show error. (P. 420.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Johnson County.

Biggins sued the railway company and appealed from a judgment for defendant. On its affirmance he obtained writ of error.

*Plummer, Featherston, & Myers* and *Cleveland & Haynes,* for plaintiff in error.—The indictment was admissible because it tended to affect the credibility of the witness Churchwell and to show his motive in testifying as he did. Carroll v. State, 32 Texas Crim. Rep., 434; Bowers v. State, 71 S. W., 285; Turnpike Road v. Loomis, 88 Am. Dec., and notes, p. 321; 1 Greenleaf Evidence (16th ed.), 925, par. 459; 30 Am. & Eng. Ency. Law (2d ed.), 1087, and note 3.

The defendant was liable for the negligent acts of its agent, Churchwell, done in the course and within the scope of his employment, and this although the said Joe Churchwell deviated from his instructions in doing the defendant's business. 20 Am. & Eng. Enc. Law (2d ed.), 163, and notes, 169, 170, and notes, 173, 174, and notes, and 177 and notes.

*Terry, Cavin & Mills, Chas. K. Lee* and *Brown & Lomax,* for defendant in error.—The rule as established by the authorities in this State, to which rule there seems to be no exception, is that where a bill of exception to the exclusion of evidence fails to show what objections were interposed thereto, or where the bill fails to show the grounds upon which the court acted in the rejection of such evidence, such bill can not be considered by the court. Galveston, etc., Ry. Co. v. Cage, 63 Texas, 575; Missouri, K. & T. Ry. Co. v. Jarrell, 38 Texas Civ. App., 425; Johnson v. Crawl, 55 Texas, 576; St. Louis, I. M. & S. Ry. Co. v. Dodson, 97 S. W., 524; Linn v. Waller, 98 S. W., 430.

To the proposition that the railroad company is not liable for the act of Churchwell. International & G. N. v. Cooper, 88 Texas, 609; International & G. N. v. Anderson, 82 Texas, 520; Lytle v. Crescent News Co., 27 Texas Civ. App., 530; Candiff v. L., N. O. & T. Ry. Co., 7 So., 601; Turley v. Railway Co., 47 Atl., 261; Railway & Elec. Co. v. Mason, 34 So., 207; Clarke, Railway Law, 190; Texas & P. Ry. Co. v. Block, 87 Texas, 160; Texas & P. Ry. Co. v. Moody, 23 S. W., 41; International & G. N. v. Yarbrough, 39 S. W., 1096; Texas & P. Ry. Co. v. Hayden, 6 Texas Civ. App., 745; Galaviz v. International & G. N., 15 Texas Civ. App., 61; San Antonio & A. P. v. Lynch, 40 S. W., 631; Wilcox v. San Antonio & A. P., 11

Texas Civ. App., 487; St. Louis S. W. Ry. Co. v. Mayfield, 35 Texas Civ. App., 82; Golden v. Newbrand, 35 Am. Rep., 257; Little Rock Tr. Co. v. Walker, 45 S. W., 57; Walker v. H. & St. J. R. R. Co., 42 Am. St. Rep., 547; Thames Steamboat Co. v. H. R. R. Co., 63 Am. Dec., 154; Gillian v. Selma & N. Ala. R. R. Co., 70 Ala., 268; Dyer v. Riley, 28 La., 6.

As the verdict should under the evidence have been for the defendant, the other supposed errors are immaterial. Hubby v. Stoke, 22 Texas, 220; Jones v. Thompson, 14 Texas, 465; Railway Company v. Dilahunty, 53 Texas, 272; Railway Company v. Lauricella, 87 Texas, 277; Houston Electric St. Ry. Company v. Elvis, 31 Texas Civ. App., 280; Dargan v. Pullman Company, 2 Texas Civ. App., 610; St. Louis S. W. Ry. Company v. Campbell, 34 S. W., 186; Holman v. Railway Company, 2 Posey, 560; Galveston v. Martin, 58 Texas, 409; Rosenthal v. Middlebrook, 63 Texas, 339; Sypert v. McGowen, 28 Texas, 635; O'Brien v. Gilliland, 4 Texas Civ. App., 40.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The plaintiff in error sued for damages for an assault and battery alleged to have been committed upon him by a watchman in the employment of the defendant in error by shooting him with a pistol.

There was evidence at the trial tending to show each of the following states of fact: (1) That the watchman fired the shot with the intent to hit plaintiff. (2) That he discharged the pistol purposely, not with the intent to hit plaintiff whom he was pursuing, but with the intent to frighten and cause him to stop. (3) That the pistol was accidently discharged as the watchman was climbing up a bank in pursuit of the plaintiff.

The charge of the trial court authorized a recovery by plaintiff if the jury, in addition to other facts which need not be stated, should find either of the two facts first stated to have existed. It further instructed, in substance, that if the discharge of the pistol was unintentional and purely accidental the plaintiff could not recover. The plaintiff, by a requested charge, sought to have the jury instructed, in substance, that if the watchman shot plaintiff either intentionally or in a negligent manner in the discharge of his duties they should find for plaintiff. This requested instruction stated a correct proposition of law, but, as was held by the Court of Civil Appeals, the ground of recovery for negligence was not within the scope of plaintiff's petition. It alleged nothing but an assault and battery to characterize the shooting as unlawful and wrongful. An intent to injure is the gist of an assault and battery and the suit was, therefore, for an intentional and wilful act not otherwise alleged to have been wrongful. If the only fact alleged to make it unlawful did not exist, there was no basis in the pleading for finding it to have been wrongful because of other facts not stated. There are defenses which could be made to a charge of a negligent inflicting of such an injury, such as contributory negligence, which would be no answer to an action for an intentional act. The defendant was not notified by the petition to come prepared to meet a case different from that alleged. 4 Thompson on Neg., sec. 7465. The court,

therefore, did not err in charging as it did and in refusing the requested instruction.

Another assignment, upon which the writ of error was granted, complains of the exclusion of evidence offered by the plaintiff. Churchwell, the watchman whose act is in question, was a witness for defendant and testified, among other things, that the shooting was accidental. To affect his credibility the plaintiff made the offer as shown by the following extract from the stenographer's transcript, which is all that appears from the record upon the point: "Plaintiff introduced in evidence the bill of indictment found by the grand jury of Johnson County, against Joe Churchwell, charging him with an assault with intent to murder O'Finley Biggins, on the 7th day of January, 1906, said indictment being filed in the District Court of Johnson County, Texas, on the 27th day of January, 1906. This was offered as affecting the credibility of the witness Churchwell and to show motive as to why he had sworn as he did. Court: I don't think that is admissible and I exclude it from the record. I will state in the bill of exceptions that the case is still pending in court. Counsel for plaintiff excepted to the ruling of the court."

It will be seen that neither the paper called an indictment nor the objections urged to it is set out. Why it was excluded does not appear. For all the record shows, the indictment may have been founded on a different transaction from that here in question, and there may have been other objections to its admission which we can not see from what is presented. It was not made to appear, nor did the plaintiff offer to show, that the witness, when his deposition was taken, knew that an indictment had been found against him for the shooting under investigation, if such was the fact. Error in such a ruling must be made to appear affirmatively, the presumption being that the court ruled correctly. Hence, we can not sustain this assignment.

*Affirmed.*