## W. B. GUTHRIE V. TEXAS PACIFIC COAL & OIL COMPANY.

No. 7225. Decided January 4, 1939.
(122 S. W., 2d Series, 1049.)

*Ernest Belcher* and *J. A. Johnson*, of Stephenville, for plaintiff in error.

The leasing on one's business homestead and changing his line of work, during a period of ill health of both himself and his wife, with an intention to return to and reoccupy same when his health improved, is not the abandonment of his homestead rights, and an assessment lien assessed against such property during that time cannot be enforced. Alexander v. Lovett, 56 S. W. 685; Blanks v. First Natl' Bank of Seymour, 44 S. W. (2d) 393; Graves v. Campbell, 74 Texas 579, 12 S. W. 238.

*Oxford & McMillan*, of Stephenville, for defendant in error.

The renting out of an established business homestead, which was used as a filling station, to take another job, and at a subsequent time the leasing of a plot of ground and opening up a lumber business, changes the character of the filling station property to such an extent that the owner cannot claim it has a homestead against a paving lien assessed by the city against said filling station property. Gibbs v. Hartenstein, 81 S. W. 59; Hill v. Hill's Estate, 19 S. W. 1016; Houston v. Newsome, 82 Texas 75, 17 S. W. 603.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted to enforce a paving lien against certain property belonging to plaintiff in error, W. B. Guthrie, situated in Stephenville, Texas. Guthrie will hereinafter be referred to as defendant. The lien was regularly created by assessment on July 1, 1929, and defendant in error Texas Pacific Coal & Oil Company was owner of same when the suit was instituted. It will be referred to as plaintiff. A trial in the district court resulted in a personal judgment in favor of plaintiff and against defendant for the amount of the certificate, but a foreclosure of lien was denied. The judgment in this respect was based upon a finding by the jury that at the time of the assessment the property in controversy was the business homestead of defendant. The Court of Civil Appeals affirmed the personal judgment, but reversed and rendered judgment for foreclosure of lien against the property in question, holding that as a matter of law the same had been abandoned as a business homestead. 100 S. W. (2d) 125.

It is undisputed that for several years prior to 1927 defendant had occupied and used the property in question as a business homestead, and the real question at issue was whether or not between the summer of 1927 and July 1, 1929, the date

of the assessment, the same had been abandoned for homestead purposes. Most of the facts which plaintiff contends were sufficient to show abandonment as a matter of law are set out in the opinion of the Court of Civil Appeals.

■ Whatever the state of decision upon the varying fact situations, it nevertheless remains true that the element of intention as regards abandonment of a business homestead is of vital concern. See Federal Petroleum Co. v. Pittman, 65 S. W. (2d) 359 (writ. ref.) ; Nunn's Texas Homesteads, pp. 166-168; Tackaberry v. Bank, 85 Texas 488. In this case the testimony of defendant was emphatic that there never was an intention on his part to abandon the property for business purposes, but that he at all times retained the purpose of resuming business upon the lot at such time as his health would permit. While of course such expression of opinion is not conclusive, yet there was not such inconsistency between the other facts and circumstances as to wholly destroy the probative force of this testimony. Indeed, it seems to us, that there was reasonable consonance between the conduct of defendant, interpreted in the light of the fact of the ill health of himself and wife, and an intention to again resume business upon this property. At any rate, there was undoubtedly an issue of fact as to abandonment.

The one issue submitted to the jury was as follows:

"Do you find from a preponderance of the evidence in this case, that the property involved in this suit was the business homestead of the defendant W. B. Guthrie, on July 1st, 1929? Answer yes or no."

In connection with this issue the Court charged the jury as follows:

"To aid you in answering the above and foregoing special issue, you are instructed that, if at the time mentioned, the defendant W. B. Guthrie, was using said property as a place to exercise the calling or business of the head of a family, then the same would be a business homestead, as that term is used in this charge.

"If the renting of said property by the defendant to a tenant or tenants shown in the testimony was temporary in its character, that is, if it was the intention of defendant, at all times to rent the same for a while, but thereafter, again to occupy and use the same for the purposes of a business homestead, then such temporary renting would not destroy the character of the property as a business homestead.

"On the other hand, if at the time said property was rented, or at anytime after said property was rented, to a tenant or tenants by the defendant, he had the intentions never again to occupy or use the same for the purposes of a business homestead then such property would not be a business homestead, as that term is used in this charge."

This unquestionably constituted a general charge, requiring reversal. In view of the fact that it appears undisputed that the property in question was a homestead for some years prior to 1927, if the facts on another trial are the same in this regard, it would be more appropriate, it occurs to us, to submit an issue as to abandonment prior to July 1, 1929, with proper definition of abandonment.

The judgments of the trial court and of the Court of Civil Appeals establishing a personal judgment against defendant in error are affirmed. The judgment of the Court of Civil Appeals foreclosing lien is reversed, and the cause in this regard is remanded to the district court for trial upon the question of lien upon the property involved.

Opinion adopted by the Supreme Court January 4, 1939.