## CARMICHAEL et al. v. HARRISON.
### No. 2241.

Court of Civil Appeals of Texas. Eastland.

Oct. 9, 1942.

Thomas & Thomas, of Big Spring, for appellants.

Carl Rountree, of Lamesa, for appellee.

GRISSOM, Justice.

W. M. Carmichael and wife and Weldon Carmichael, a minor, by W. M. Carmichael as next friend, instituted this suit against Lee Harrison seeking recovery of damages resulting from an injury to Weldon Carmichael caused by a collision between Weldon's bicycle and defendant's automobile. The case was submitted to a jury on special issues, which were answered favorably to defendant, and judgment was rendered on the verdict for defendant. Plaintiffs have appealed.

Special issues inquiring as to defendant's negligence, Weldon's contributory negligence and issues on the theory of discovered peril, among others, were submitted to the jury. The terms negligence, ordinary care, proximate cause, new and independent cause, and proper lookout were defined. Immediately preceding special issue No. 1 the jury was instructed as follows:

"You are instructed that the law provides that it is the duty of the driver, rider, or operator of a vehicle about to be overtaken and passed to give way to the right in favor of the overtaking vehicle on suitable and audible signal, given by or on behalf of the operator, driver or other person in charge and control of such overtaking vehicle, if such overtaking vehicle be a motor vehicle.

"You are further instructed that the law provides that it is the duty of the person operating or in charge of an overtaking vehicle to sound audible and suitable signal before passing a vehicle proceeding in the same direction."

Plaintiffs objected to the quoted instructions, among other things, because it was a charge on the law, a general charge, and constituted, with the other portions of the instructions and issues, a submission of the cause on both a general charge and special issues. Further, because such instructions were not definitions of technical words or explanations of the meaning of words or phrases used in the charge, but an instruction on the law. Plaintiffs' objections were overruled, and the instructions submitted to the jury in connection with the special issues and definition and explanation of legal terms, as heretofore indicated.

Such instructions have been held erroneous by the Supreme Court, and, when made over proper objections, as in the instant case, have been held to be reversible error. Cause-Ware Funeral Home v. McGinley, Tex.Civ.App., 41 S.W.2d 433, 435, writ refused; Texas & N. O. R. Co. v. Crow, 132 Tex. 465, 123 S.W.2d 649, 650. Also, see Guthrie v. Texas P. Coal & Oil Co., 132 Tex. 180, 122 S.W.2d 1049; State of Texas v. Carpenter, 126 Tex. 604, 616, 89 S.W.2d 194.

This cause was submitted to a jury and judgment rendered in April, 1941. Texas Rules of Civil Procedure became effective September 1, 1941. It is, therefore, immaterial to the decision of this case whether under said rules such a charge would now constitute reversible error. Heldenfels v. Montgomery, Tex.Civ.App., 157 S.W.2d 998, 1002, writ dismissed.

There was evidence that Weldon Carmichael and another boy were riding their bicycles on a highway following an automobile and trailer; that about the time Weldon was turning to his left, attempting to go around said automobile and trailer, defendant drove his automobile close to Weldon and sounded his horn and attempted to go around Weldon on the left-hand side of the highway; that Weldon swerved to the left and the collision and injury resulted. Vernon Tate, who was riding on another bicycle along with Weldon at the time Weldon was injured, testified that as he and Weldon on their bicycles were about halfway past the car in front of them and started around said automobile on the left-hand side, defendant's car approached them from the rear; that defendant honked his horn "and that Carmichael was excited and pulled to his left, and * * *". Thereupon defendant objected to said testimony. The objection was sustained. Thereafter plaintiffs repeatedly attempted to prove by said witness that when Weldon curved to the left he appeared to be excited or scared. Defendant's objections were sustained and plaintiffs were not permitted to prove by Weldon's companion at the time of the accident that Weldon appeared to be excited or

512

scared. We think such testimony was admissible, and the court should have permitted the witness to testify that Weldon then appeared to be scared or excited. Shuffield v. Taylor, 125 Tex. 601, 83 S.W. 2d 955; General Life Insurance Company v. Potter, Tex.Civ.App., 124 S.W.2d 409; Texas & Pacific Railroad Company v. Hughes, Tex.Civ.App., 192 S.W. 1091, writ refused; Missouri, Kansas & Texas Railway Company v. Gilcrease, Tex.Civ.App., 187 S.W. 714, writ refused; 22 C.J. page 554; 32 C.J.S., Evidence, p. 146, § 489.

The remaining errors assigned, such as admonitions and remarks of the court to a witness, will probably not occur upon another trial and need not be discussed. The judgment is reversed and the cause remanded.