Earl C. SMITH et ux., Appellants,

v.

Joe W. STEGALL, Appellee.

No. 3734.

Court of Civil Appeals of Texas.

Waco.

May 26, 1960.

J. B. Sallas, Crockett for appellants.

Collins, Garrison, Renfrow & Zeleskey, James R. Cornelius, Jr., Lufkin, for appellee.

WILSON, Justice.

This is a trespass to try title action. Appellant husband executed a deed to the land February 20, 1954, in which his wife did not join. Appellee filed this suit, alleging he subsequently acquired title by deed from the husband's grantee. Appellants defended on the ground the land was their homestead on the date of the husband's deed, and continually thereafter. They alleged a temporary removal to the home of husband's parents, denying this was an abandonment. Appellee countered with a plea of abandonment. Judgment was rendered for appellee on a jury verdict.

The first special issue inquired, "Do you find from a preponderance of the evidence that at the time Earl Smith removed from the property in controversy, or at any time thereafter, he did not intend to return to the property or again use the same as a home?" Answer "He did not intend" or "He did intend." The jury, disregarding the instruction, answered "We do not."

In answer to unconditionally submitted issues the jury found appellant did not "on Feb. 20, 1954, or thereafter," have a good faith intention to return to the land in controversy and use it as his home. The verdict was received without objection.

Appellant says that it is impossible to render judgment in view of the answer to the first issue.

The evidence shows appellants had removed from the land in 1951 at which time the husband executed a lease agreement containing a purchase option, under which the husband's deed of Feb. 20, 1954, was executed. This removal is that referred to in the first issue. The evidence made a fact issue on the question of intention at the time appellants moved in 1951, and at various times thereafter until the 1954 deed was executed. Intention at the time of the deed and thereafter, under the record, was also in issue.

■ It is our duty to reconcile any apparent conflict in these answers if it can reasonably be done. Texas & Pacific Ry. Co. v. Snider, Tex.Sup., 321 S.W.2d 280. The first issue is limited to the time of removal (1951), and, under the answer, to some ("any") indefinite subsequent period. For clarification purposes, but without holding or suggesting legal effect, the prac-

tical result of the first answer is a finding that the husband did intend to return and resume use of the property as a home, either at the time of removal or at some undesignated time thereafter prior to February 20, 1954. This construction is readily apparent by an analysis of the issue and answer. The only words that suggest a conflict are "or at any time thereafter." By its first answer the jury *fails* to find (or answers it does not find) that appellant did *not* "at *any* time" intend to resume use of the property as a home. The practical effect is the jury returned a negative answer to an inquiry as to whether appellant never ("not at any time") entertained the intention. Answers to the other issues, however, deal with a more specific period. They determine intention on and after the date of the deed, and constitute findings on intention to abandon supporting the judgment. There is no irreconcilable conflict. The point is overruled.

■ Appellants further contend that they could not have acquired a new homestead in the land to which they removed, because as to such land there was a reserved life estate in their grantor. Consequently, they reason, they could not abandon the land here involved as a homestead. Acquisition of a new and permanent home, while of evidentiary significance, is not conclusive and is not a "condition precedent to the exercise of the power or right of abandonment of the old homestead." Reece v. Renfro, 68 Tex. 194, 4 S.W. 545, 546; Hudgins v. Thompson, 109 Tex. 433, 211 S.W. 586, 588.

■■ Complaint is made of refusal of requested charges which would have instructed the jury in effect that "it is the law of this state" that where homestead character has once attached, there must be not only an abandonment, but also definite intention not to return, before the jury is authorized to find abandonment. It is said "a proper definition of the word 'abandonment' was very important", because the jury could not be presumed to know the law as to the elements constituting abandonment of the homestead. The point is overruled for the following reasons: (1) The term "abandonment" does not appear in the charge and required no definition. Ford Motor Co. v. Whitt, Tex.Civ.App., 81 S.W.2d 1032, 1037, writ ref.; 41–B Tex. Jur., Sec. 512, p. 676. (2) The requested instructions constituted a general charge in a case submitted on special issues. Guthrie v. Texas Pac. Coal & Oil Co., 132 Tex. 180, 122 S.W.2d 1049, 1051. (3) The essential fact elements of the requested instructions were submitted in the special issues so as to obviate use of legal terms. 41–B Tex.Jur., Sec. 513, p. 677.

■ As we construe appellants' brief, error is apparently assigned "because the Court should have submitted an issue regarding abandonment rather than attempting to ascertain the intent of appellants." The contention has been settled against appellants under the issues submitted. Funderburk v. Dofflemyer, Tex.Civ.App., 234 S.W.2d 889, 891, writ ref.; Smith v. Little, Tex.Civ.App., 217 S.W.2d 881, 884, writ ref., n.r.e. The first special issue was in the form specifically requested by appellants, except the term "home" was substituted for "homestead." There is neither objection nor assignment in the motion for new trial as to this issue. No error is reflected.

■ Error is assigned to exclusion of certain evidence on direct examination relating to tax renditions. Neither the statement of facts nor any bill of exception reflects what the proffered evidence consisted of, or whether it would have been admissible, or material. Nothing is presented for review. Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155, 159, Syl. 5; Biggins v. G. C. & S. F. Ry. Co., 102 Tex. 417, 118 S.W. 125; Rule 372, Vernon's Ann. Texas Rules of Civil Procedure, Annotation 11, p. 84.

The judgment is affirmed.