**CITY OF KINGSVILLE, Texas, Appellant,**

v.

**Antonio RIVAS et al., Appellees.**

No. 13909.

Court of Civil Appeals of Texas.

San Antonio.

March 28, 1962.

Homero Lopez, W. C. McDaniel, Kingsville, for appellant.

Glusing & Sharpe, Kingsville, Lyman & Sudduth, Corpus Christi, for appellees.

MURRAY, Chief Justice.

This suit was instituted by Antonio Rivas, individually and as next friend of Hector Rivas, his minor son, against the City of Kingsville, seeking damages resulting from personal injuries received by Hector Rivas in an automobile accident which occurred on the night of Friday, September 30, 1960, on a four-lane street in the City of Kingsville. Several days prior to the accident the Water Department of the City of Kingsville had dug a ditch or pit in the left-hand lane of the south-bound traffic lanes, and had left a mound of dirt some four or five feet high next to the pit. Hector Rivas was riding as a guest in an automobile proceeding south in the right-hand lane of traffic, behind another automobile. As they approached the obstruction in the street, the driver of the vehicle in which Hector Rivas was riding, hereinafter referred to as host car, pulled from behind the other vehicle into the left-hand lane of the south-bound traffic and collided with the obstruction in the street. In the collision, Hector Rivas was thrown into the dashboard of the automobile, receiving fractures of both jaws and losing eleven teeth. The trial was to a jury and, based on its findings, judgment was rendered in favor of the minor, Hector Rivas, in the sum of $10,246.35, and in favor of Antonio Rivas in the sum of $795.85, from which judgment the City of Kingsville has prosecuted this appeal.

Appellant's first point is that the court erred in excluding from the jury evidence that the driver of the automobile in which Hector Rivas was riding as a passenger was intoxicated, and that Hector Rivas knew, or ought to have known that the driver was intoxicated. Under this point appellant's statement is as follows:

"Appellants, the City of Kingsville, by several witnesses attempted to present testimony that the driver, Luis Gonzalez, of the automobile in which minor Plaintiff, Hector Rivas, was riding, was intoxicated and that his intoxication was obvious so that minor Plaintiff knew, or should have known, that said driver was intoxicated. The Court, however, refused to allow Appellants to present this testimony."

No reference is made to the statement of facts in support of this statement.

Under appellant's argument is would seem that it intended by this point to complain about the exclusion of the testimony of the witnesses B. J. Owen, Donald L. Smith, Jerry G. Schave, and Clyde Kees, with reference to the intoxication of the driver of the host car, and we are cited to numerous pages in the statement of facts. We have examined all of these references to the statement of facts and find that they do not support appellant's statement. For instance, referring to page 195, line 21, we find that the only question asked by appellant that was objected to was as follows:

"Q Was this driver that you were speaking about, where was he at the time you got over there?"

Mr. Lyman, attorney for appellees, promptly asked leave of the court to take the witness on voir dire examination, which was granted. During the examination it developed that the witness Owen did not see who was driving the car in which Hector Rivas was riding, but was attempting to identify a man as the driver of the host car, whom he saw get out of the left-hand side of the car some two and one-half or three

minutes after the car had collided with the mound of dirt on the highway. After this was developed, counsel objected to any reference by the witness Owen to the driver of the host car, and asked that Owen's previous testimony be stricken and the jury instructed to disregard the same. The court sustained this objection and motion to strike. Then, turning to pages 200 to 203, we find that the following questions were asked the witness Owen in the absence of the jury, appellant having asked that the jury be sent out:

"Q This man that you saw coming out of the automobile, was he behind the wheel of the car?

"A Yes, sir.

"Q Did you have a chance to observe the condition of this man that you saw coming out from the left-hand side of the car, that you saw under the wheel of the car?

"A Yes, sir, I did.

"Q And what was his condition, if any?"

At this point Mr. Lyman made an objection, but the witness answered "He was intoxicated." The court sustained the objection. Then followed a discussion between the court and counsel for both sides, and the following questions were asked:

"Q Did you have a chance to get close enough to this man that you saw coming out of the car on the left-hand side to smell his breath?

"A Yes, sir.

"Q And what did you smell, if anything, on his breath?

"A I smelled alcohol.

"Q And in your opinion, if you have any, based on your observations of the man at the scene, the way that he was acting, do you have any opinion as to what caused this condition?"

Mr. Lyman, attorney for appellees, objected and the question was not answered. The court stated to Mr. McDaniel, attorney for appellant, "I don't think you've gone far enough, Counsel, to qualify a layman as far as his actions and conduct, so I will sustain the objection as it now stands." Then Mr. Owen, the witness, was asked further questions as to his observation of persons in an intoxicated condition, including this one:

"Q And from the actions which you observed of this man, whom you have previously described at the scene of the accident, do you have any opinions?

"A Well, the only opinion I would have, would be that he was"

Objection by Mr. Lyman, and the witness continued, "Intoxicated." Then Mr. Lyman objected to this testimony for many reasons, and the court stated: "Sustained, I will give you a chance to look at this, Counsel, and correlate your thoughts about it while the jury is out, and we will take it up again in a few minutes." Appellant's attorney never again offered this testimony in open court while the jury was present.

It is rather plain from all of this procedure that the only objection made to any question propounded to the witness Owen in the presence of the jury, was as to his conclusion that the man he saw get out of the left-hand side of the host car was the driver of the car, and we are unable to find where the court has excluded any proper questions asked in open court and in the presence of the jury, with reference to this man's intoxication. The record further shows that the appellant called the witnesses, Donald L. Smith, Jerry G. Schave and Clyde Kees, but their testimony was heard only in the absence of the jury, and they were never asked any questions about the intoxication of the driver of the host car in open court or in the presence of the jury, nor was there any understanding with the trial court that such testimony might be considered as offered. Under such

circumstances, we overrule appellant's contention that the trial court committed reversible error in excluding evidence that the driver of the host car was intoxicated at the time of the collision with the dump. City of San Antonio v. Condie, Tex.Civ.App., 329 S.W.2d 947; Graves v. S. A. & A. P. R. Co., Tex.Civ.App., 164 S.W.2d 1059; 4 Tex.Jur. p. 314.

■ Furthermore, even if the testimony had been properly offered in evidence its exclusion would have been harmless error, because there was no evidence that the driver of the host car was guilty of any negligence plead by appellant, in its answer, as being the proximate cause of the wreck. Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792; Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50; Rowan & Hope v. Valadez, Tex.Civ.App., 258 S.W.2d 395; 141 A.L.R. 50.

Appellant next complains that the court erred in not allowing appellant to present evidence which reflected the excess speed of the host automobile, in that it was not permitted to introduce evidence as to the length of the skid marks made at the scene of the accident by the host automobile. With reference to this matter the witness was asked the following:

"Q The car, did you have an occasion to examine any skid marks which were laid down by this car which you testified—

"MR. LYMAN: Now if the Court please, that obviously is calling for a conclusion on the part of the witness, I don't object to fact testimony.

"THE COURT: All right.

"MR. McDANIEL: It calls for a yes or no answer.

"MR. LYMAN: I don't care what it calls for, Judge.

"THE COURT: Rephrase your question, Counsel, you can do that.

"Q Did you see any skid marks leading to this mound of dirt?

"A Yes, sir.

"Q Did you measure the skid marks?

"A Yes, sir, I did.

"Q And how long were they?

"MR. LYMAN: If the Court please, until it is connected up properly, we object to it.

"THE COURT: Sustained.

"MR. LYMAN: As being irrelevant and immaterial.

"THE COURT: Sustained."

The witness Smith was not thereafter questioned concerning skid marks, either in or outside the presence of the jury, and there is no showing in the record what answers he would have given had the objection not been made and sustained. Smith was not thereafter asked as to measurement of any skid marks as shown in the pictures in evidence, and he was never asked whether the skid marks led immediately up to the wheels of the wrecked automobile. The last reference to skid marks in the statement of facts was made while appellant's witness Schave was on the witness stand. Appellant inquired: "Did you observe any skid marks leading to the car which, which ran up on the pile of dirt?" and the witness answered: "Yes, sir, I noticed some skid marks leading from the rear of the car back north from the car, that I figured in my own opinion—." No question was asked of the witness Schave, either in or outside the presence of the jury, as to the length of any skid marks, and therefore the record as to this witness also fails to show what answer he would have given had he been asked the question.

■ In order to show harmful error on the exclusion of evidence, the appellant must have in the record what the witness' answer would have been. Rules 372 and

373, Texas Rules of Civil Procedure; Smith v. Stegall, Tex.Civ.App., 336 S.W.2d 470; Southerland v. Porter, Tex.Civ.App., 336 S.W.2d 841; State v. Haire, Tex.Civ. App., 334 S.W.2d 488; Kansas City Fire & Marine Insurance Company v. Duncan, Tex.Civ.App., 330 S.W.2d 469; Bradford v. Magnolia Pipe Line Co., Tex.Civ.App., 262 S.W.2d 242; Atlantic Pipe Line Co. v. Fields, Tex.Civ.App., 256 S.W.2d 940; Sims v. Duncan, Tex.Civ.App., 195 S.W.2d 156.

Appellant's remaining points are without merit and are overruled.

The judgment is affirmed.