**DONALD R. REEDY & CO., INC., Appellant,**

v.

**JENKINS & CO., INC., Appellee.**

**No. 20157.**

Court of Civil Appeals of Texas, Dallas.

April 4, 1980.

Randall L. Freedman, Dallas, for appellant.

Lynn Phillips, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

STOREY, Justice.

The points of error presented in this appeal concern the exclusion of testimony which was apparently offered to show that the oral construction contract between the parties required performance according to drawings and specifications rather than in accordance with trade standards or custom and practice. We have concluded that we cannot reach the points urged for reversal because no bill of exceptions was brought forward, and we are unable to determine the admissibility of the excluded testimony or whether its exclusion resulted in harmful error. We therefore affirm.

Plaintiff, Jenkins and Co., Inc., sued defendant, Donald R. Reedy & Co., Inc., for the balance remaining on an oral construction contract. Plaintiff sued on a sworn account alleging that it furnished to defendant, as contractor, services and materials for installing built-up roofs and shingle roofs on several of defendant's townhouses. Attached to plaintiff's petition were unpaid invoices which were alleged to evidence the itemized account. Defendant filed its verified answer alleging that "some specified item or items are not just and true in that plaintiff failed to complete in a good and workmanlike manner the roofing job originally contracted . . . ." Defendant also counterclaimed for damages arising out of plaintiff's alleged failure to complete in a good and workmanlike manner as "originally contracted." The critical issue submitted was whether plaintiff failed to perform the contract in a good workmanlike manner. The jury found that it did not fail, and judgment was accordingly rendered for plaintiff on the verdict.

Defendant contends that the court erred in excluding all testimony of its witness, Reedy, and its architect, Perkins, that the agreement between the parties required performance according to specifications and drawings rather than in "a good workmanlike manner" according to trade standards or common practice. Defendant has failed to bring this excluded testimony forward by bill of exceptions. We are therefore unable to determine if the testimony was admissible or whether its exclusion presented reversible error. *J. Weingarten, Inc. v. Brockman*, 134 Tex. 451, 135 S.W.2d 698, 699 (1940); *Bowden v. Caldron*, 554 S.W.2d 25, 27 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.). Defendant's further contention that the court erred in excluding the testimony of plaintiff's witness, Hastings, on cross-examination regarding plans and specifications presents a different question.

The rule is that on cross-examination it is error to exclude testimony, and a bill of exceptions is unnecessary if the question appears to be calculated to elicit competent testimony. *Cunningham v. Austin & Northwestern Railroad Co.*, 88 Tex. 534, 31 S.W. 629 (1895); *Beckham Development Co. v. Clark & Associates*, 492 S.W.2d 287 (Tex. Civ.App.—Dallas 1973, no writ). The rationale supporting this general rule is that counsel is presumed to know what his own witness would have testified and he therefore must bring the facts to the court's attention by a bill of exceptions. On the other hand, he cannot be presumed to know the answer of the adverse witness; therefore, he may not be able to state to the court the answer expected from him. A bill of exceptions in these circumstances would require counsel either to speculate upon the answer of an adverse witness or deal unfairly with the court. *Cunningham*, 31 S.W. at 631. Here, however, defendant knew beforehand that he would not be permitted to cross-examine on the matter of

plans and specifications. The court had previously instructed counsel that the case would be submitted on an issue of good and workmanlike manner and that the court would not allow testimony relating to plans and specifications. Because defendant has the burden to show prejudice from this restriction of cross-examination and consequently to advise the court what could reasonably be expected as an answer from the adverse witness, it was incumbent upon it to offer a proper bill of exceptions based upon testimony of its own witnesses.

No bill of exceptions having been brought forward, we must overrule defendant's points of error and affirm.