Darla SMITHSON, Individually and as Administratrix, Petitioner,

v.

CESSNA AIRCRAFT COMPANY, Respondent.

No. C–1344.

Supreme Court of Texas.

Feb. 15, 1984.
Rehearing Denied March 28, 1984.

Edwards & Perry, Russell H. McMains, Corpus Christi, Law Offices of Pat Maloney, Pat Maloney, Sr., Pat Maloney, George LeGrand, and Jack Pasqual, San Antonio, J. Hadley Edgar, Jr., Lubbock, for petitioner.

Graves, Dougherty, Hearon & Moody, Robert J. Hearon, Jr., and John T. Anderson, Austin, for respondent.

SPEARS, Justice.

The opinion and judgment of this Court dated July 13, 1983 are withdrawn and the following opinion is substituted.

Darla Smithson, individually and on behalf of her minor children, brought this wrongful death action against Cessna Aircraft Company ("Cessna") for damages suffered when an airplane crash killed her husband, Benjamin Smithson. The trial court rendered judgment for Mrs. Smithson on a jury verdict of $1,200,000. The court of appeals reversed the trial court's judgment and remanded the cause for a new trial. 632 S.W.2d 375. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The principal question presented to this court is whether the trial court abused its discretion when it refused to exclude the deposition testimony of an expert witness whose identity was not disclosed in pre-trial interrogatories as required by Tex.R.Civ.P. 168.

Benjamin Smithson and James Parker died in the crash of a Cessna 150 airplane in New Mexico in 1976. At the time of the crash, Smithson was employed as an instructor pilot for Air Plains West, which

owned the airplane, and was giving Parker flying lessons.

Darla Smithson, individually and on behalf of her minor children, filed suit for wrongful death against Cessna.[1] She claimed that design and manufacturing defects in the legs of the cockpit seats caused the seats to fail during the crash, proximately causing the death of her husband.

One week before the trial began, Cessna moved the court to take judicial notice of certain laws of New Mexico. The court granted Cessna's motion and ruled that New Mexico law would govern the case. Mrs. Smithson claimed to be surprised by this ruling and responded by changing her theory of damages.[2] She contended that her husband's future earnings would have been greater than previously asserted because he would have changed occupations and become a commercial pilot. She offered the testimony of George Baumann, a Braniff Airlines pilot, as evidence of the qualifications necessary to become a commercial pilot and the earning potential of such a pilot. Cessna asked the court to exclude Baumann's testimony. It claimed that the offer of his testimony was an unfair surprise because Mrs. Smithson had not disclosed to Cessna in pre-trial interrogatories that Baumann would be a witness and would give expert testimony. The court refused to exclude the evidence, but ordered Mrs. Smithson to present Baumann for a Friday afternoon deposition. Pursuant to the court's ruling, Cessna and Mrs. Smithson deposed Baumann.

When the trial resumed the following Monday, Mrs. Smithson did not call Baumann to testify before the jury, but instead offered parts of his deposition testimony into evidence. Cessna again objected, reiterating its earlier claim of unfair surprise, and requested that this evidence be excluded, but the court overruled the objection and allowed Mrs. Smithson to read parts of the deposition to the jury.

Cessna then argued for the right to ask questions and to introduce evidence concerning instances of Mr. Smithson's negligence as a pilot, including his alleged negligence in causing the fatal crash. Cessna contended that Mrs. Smithson had placed her husband's competency as a pilot into issue when she sought to prove he had the qualifications to become a commercial pilot. The trial court ruled,

> Now, I can see the problem of getting into the fact he was negligent on this particular flight, but if you have other evidence that he was an incompetent pilot and couldn't have been hired by the airlines, it seems to [me] that is admissible .... What I am going to do is, rule that you can go into anything that bears on his competency or incompetency, except for the crash in question. So you will be precluded from showing he was negligent in the crash of this—that he almost crashed the week before. That is all right.

After this ruling, Cessna represented to the trial court that it could prove through the deposition of an expert witness that Mr. Smithson's negligence caused the fatal crash. Cessna did not, however, read from this deposition or otherwise attempt to make it a part of the record with a formal bill of exceptions. Moreover, Cessna did not offer any evidence to show Mr. Smithson was negligent during previous flights.

---

1. Parker's widow, Carolyn Parker Duncan, also filed a wrongful death action against Cessna on behalf of herself and her minor children. The Duncan and the Smithson lawsuits were tried together. Duncan's case raises other legal issues. *See Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex.1984).

2. Mrs. Smithson brought this action under the Texas wrongful death statute, Tex.Rev.Civ.Stat. Ann. art. 4671–4678, which allows recovery for such items as care, maintenance, support, personal services, advice, counsel, and pecuniary loss. *See, e.g., Samford v. Duff,* 483 S.W.2d 517, 528–29 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.). New Mexico, however, seems to permit the decedent's representative in a wrongful death action to recover only pecuniary loss. *See* N.M.Stat.Ann. § 41–2–3 (1953). Consequently, the application of New Mexico law instead of Texas law in this case could have greatly reduced Cessna's potential liability to Mrs. Smithson and her children.

After all the evidence was presented, special issues were submitted to the jury, which found that the seats in the Cessna 150 had been defectively designed and manufactured and that the defects proximately caused the deaths of Mr. Parker and Mr. Smithson. The jury set Mrs. Smithson's damages at $1,200,000, and the trial court rendered judgment on the verdict for Mrs. Smithson.

On appeal, Cessna argued that the trial court's refusal to exclude Baumann's deposition testimony was an abuse of discretion. Cessna contended that Mrs. Smithson's failure to identify Baumann in response to pre-trial interrogatories created an unfair surprise that could be mitigated only by exclusion of the evidence. Cessna also argued that the trial court should have accepted the offer of deposition testimony to prove that Mr. Smithson negligently caused the crash. The court of appeals agreed with these arguments. It reversed the judgment of the trial court and remanded the case for a new trial.

## I. ADMISSION OF BAUMANN'S DEPOSITION TESTIMONY

 Because this suit was tried in 1980, the 1981 amendments to Tex.R.Civ.P. 168 do not apply.[3] Instead, Rule 168 as amended in 1973 is applicable. The 1973 version of Rule 168 requires supplementation of answers to certain interrogatories, including those seeking disclosure of experts who are expected to be called to testify. The rule does not, however, contain a provision specifying a sanction to be imposed for noncompliance with this supplementation requirement.[4] *Texas Employer's Insurance Association v. Thomas,* 517 S.W.2d 832, 834 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.). Consequently, the imposition of an appropriate sanction for failure to supplement interrogatories in compliance with the rule is within the broad discretion of the trial court. *Texas Employers Insurance Association v. Thomas, supra* at 834–35; *Trubell v. Patten,* 582 S.W.2d 606, 610 (Tex.Civ.App.— Tyler 1979, no writ). The standard for reviewing the trial court's action is whether this discretion was clearly abused. An appellate court should not substitute its judgment for that of the trial court. *Werner v. Miller,* 579 S.W.2d 455, 456–57 (Tex.1979); *Landry v. Travelers Insurance Company,* 458 S.W.2d 649, 651 (Tex.1970); *Texas Employers Insurance Association v. Thomas, supra* at 834. Similarly, a trial court's

---

**3.** As a result of a 1981 amendment, Rule 168 now provides, in pertinent part,

> [I]f the party expects to call an expert witness whose name and the subject matter of such witness' testimony has not been previously disclosed in response to an appropriate interrogatory, such answer must be amended to include the name, address, and telephone number of the witness and the substance of the testimony concerning which the witness is expected to testify, as soon as is practical, but in no event less than fourteen (14) days prior to the beginning of the trial except on leave of court. *If such amendment is not timely made, the testimony of the witness shall not be admitted in evidence unless the trial court finds that good cause sufficient to require its admission exists....* (emphasis added)

The court of appeals in this case expressed its view that

> Baumann would not have been permitted to testify had the 1981 amendment of Tex.R. Civ.P. 168 been in effect at time of trial. Part 7(a)(3) of the new rule requires a party calling an expert witness, not disclosed in prior interrogatories, to disclose the witness's identity at least 14 days prior to trial except on leave of court. Failure to make this disclosure bars admission of the expert's testimony unless good cause is shown.

632 S.W.2d at 385 (footnote 8).

Because the new rule expressly authorizes exclusion of testimony for noncompliance with the supplementation requirement, trial courts probably do not have the broad discretion they had under the 1973 rule. *See* Pope & McConnico, *Practicing Law With the 1981 Rules,* 32 Baylor L.Rev. 457, 482 (1980). The "good cause" exception indicates that some discretion may remain in the trial court. *See National Surety Corp. v. Rushing,* 628 S.W.2d 90, 92 (Tex.App.— Beaumont 1981, no writ). However, the 1981 amendment provides that there must be not only a good reason, but one that compels the admission of the testimony. *See* Spears, *The Rules of Civil Procedure: 1981 Changes in Pretrial Discovery,* 12 St. Mary's L.J. 633, 650 (1981).

**4.** The 1973 version of Rule 168 says only that the court "may ... make such orders as are just" when a party fails to comply with its provisions.

refusal to impose a particular sanction can be set aside only upon a showing of a clear abuse of discretion. *Tenngasco Gas Gathering Company v. Fischer*, 624 S.W.2d 301, 303 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). To establish a clear abuse of discretion, the complaining party must show that the trial court's action was arbitrary or unreasonable in light of all the circumstances of the particular case. *Landry v. Travelers Insurance Company, supra; see also* Comment, *Imposition and Selection of Sanctions in Texas Pretrial Discovery*, 31 Baylor L.Rev. 191, 196 (1979).

In this case, Cessna advances three arguments for its position that admission of Baumann's testimony was reversible error. First, it argues that the 1981 addition to Rule 168, providing for exclusion of expert testimony in this situation, was simply a clarification of the existing rule and that such exclusion was therefore an appropriate sanction when this lawsuit was tried. The question before this court, however, is not whether exclusion of Baumann's testimony was an *appropriate* sanction, but whether imposition of that sanction was mandatory under the circumstances. Clearly the trial court had the discretion to prevent Baumann from giving evidence. *See, e.g.,* Texas Employers' Insurance Association v. Meyer*, 620 S.W.2d 179 (Tex. Civ.App.—Waco 1981, no writ). Nevertheless, the court decided not to impose that sanction. The decision must stand unless it was a clear abuse of discretion.

Cessna also argues that even if Mrs. Smithson had called Baumann to testify in front of the jury following his deposition, the applicable Rule 168 would have compelled the trial court to exclude his testimony because of Mrs. Smithson's failure to comply with the requirement for supplementation of interrogatories. Cessna apparently believes that under the 1973 version of Rule 168, nondisclosure of an expert witness until after the trial has begun creates an unfair surprise that can be mitigated only through exclusion of the expert's testimony.

■ We cannot endorse such an inflexible restriction on the trial court's ability to fulfill its discretionary duties in conducting a fair trial and administering discovery rules. To conclude that there was only one permissible action available to the trial court is virtually to deny the court any discretion in these instances. Smithson may have surprised Cessna when she called an undisclosed expert witness, but the record does not clearly establish that the granting of a continuance or a postponement of the trial would not have sufficiently protected Cessna from any harm due to the surprise. In fact, since the primary basis of Cessna's objection was that the mid-trial disclosure of Baumann did not allow enough time to prepare an adequate defense and to find rebuttal experts, either of these two possibilities might have been sufficient to cure the harm caused by the nondisclosure of the expert. Cessna, however, chose not to request a continuance or postponement even after the trial court refused to bar Baumann's testimony. Instead, Cessna asked only for one of the harshest sanctions available to the court. The failure to present a motion to continue or to postpone the trial severely undermines the assertion that the trial court abused its discretion. *See Texas Power & Light Co. v. Holder*, 385 S.W.2d 873, 889 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r. e.); *National Surety Corp. v. Rushing*, 628 S.W.2d 90, 92 (Tex.App.—Beaumont 1981, no writ). We hold that under these circumstances the exclusion of Baumann's testimony was not mandatory. Therefore, the trial court did not abuse its discretion.

■ Finally, Cessna argues that the trial court abused its discretion when it allowed Mrs. Smithson to read parts of Baumann's deposition into evidence instead of calling him to testify before the jury. Cessna points out that the trial court's stated purpose in ordering the mid-trial deposition was to permit Cessna to discover the substance of Baumann's upcoming testimony so that effective cross-examination could be prepared.

We agree that the mid-trial deposition, as an attempted remedy of any unfair surprise to Cessna, was not as effective as it would have been if Baumann had subsequently testified in court. However, no one disputes that had Cessna deposed Baumann several weeks before the trial began, the deposition testimony would have been admissible despite Baumann's absence from the trial. Consequently, the only serious harm about which Cessna legitimately can complain is the harm it asserted in its argument to the trial court, namely, the lack of time in which to locate expert witnesses to rebut or to qualify Baumann's testimony. Again, a continuance or a postponement might have been sufficient to cure that harm. Of the actions available to the trial court, exclusion of Baumann's testimony may have been the only remedy Cessna desired. It was not, however, the only appropriate means available to the trial court for dealing with Mrs. Smithson's violation of Rule 168. Therefore, the trial court's refusal to exclude the testimony was neither arbitrary nor unreasonable.

## II. EVIDENCE OF SMITHSON'S NEGLIGENCE AS A PILOT

After Mrs. Smithson read parts of Baumann's deposition testimony to the jury, Cessna asked to be allowed to prove that Mr. Smithson could not have become a commercial pilot because he was not qualified. Specifically, Cessna wanted to introduce evidence showing that Mr. Smithson's pilot error had caused the fatal crash and that he had been negligent during previous flights as well. Cessna now argues that the trial court erroneously prevented Cessna from introducing evidence of Mr. Smithson's acts of pilot negligence.

■ The trial court ruled that Cessna could offer any evidence showing Mr. Smithson's incompetence as a pilot prior to the crash. Cessna, however, never attempted to prove that Mr. Smithson was negligent on previous flights. As a result, it cannot now complain about the absence of evidence in the record to show this alleged negligence.

■ The trial court also ruled that no evidence of Mr. Smithson's negligence in causing the crash would be allowed. Evidence is admissible in wrongful death actions to show that the deceased intended to change occupations. *Wichita Valley Railroad v. Williams,* 6 S.W.2d 439, 442–43 (Tex.Civ.App.—Eastland 1928, writ ref'd); *Burlington-Rock Island Railroad v. Davis,* 123 S.W.2d 1002, 1005–06 (Tex.Civ.App.—Beaumont 1939, writ dism'd). Once such evidence is introduced, however, any rebuttal evidence tending to show that the deceased was unqualified to pursue the new occupation has probative value. *See Burlington-Rock Island Railroad v. Davis.* As a result, evidence in this case of Mr. Smithson's negligence as a pilot was relevant to the damages issue.

■ Cessna, however, failed to perfect a bill of exceptions containing the excluded evidence, as provided in Tex.R.Civ.P. 372. The absence from the record of a proper bill of exceptions showing what the excluded deposition testimony would have been precludes a determination of whether the testimony would have been inadmissible on some other ground and whether its exclusion was harmless error under Tex.R.Civ.P. 434. For this reason, we have no basis for a finding of reversible error.[5] *See* Tex.R.Civ.P. 372; *Gulf Paving Co. v. Lofstedt,* 144 Tex. 17, 188 S.W.2d 155, 159 (1945); *J. Weingarten, Inc. v. Brockman,* 134 Tex. 451, 135 S.W.2d 698, 699 (1940); *Biggins v. Gulf, C. & S.F. Ry Co.,* 102 Tex. 417, 118 S.W. 125, 126 (1909); *Harris v. Harris,* 605 S.W.2d 684, 686–87 (Tex.Civ.App.—Houston [1st] 1980, writ ref'd n.r.e.); *Donald R. Reedy & Co., Inc. v. Jenkins I. Co., Inc.,*

---

**5.** In a cross-point, Cessna argues that evidence of Smithson's negligence was admissible because that negligence should have been the basis for a proportionate reduction in damages owed to his estate. This argument is closely related to Cessna's claim for contribution in *Duncan v. Cessna,* 665 S.W.2d 414 (Tex.1984). Therefore, because it does not affect the outcome of this case, we address that argument in *Duncan.*

597 S.W.2d 62, 63 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.).

In her motion for rehearing, Mrs. Smithson maintains that Cessna has no remaining points of error and that remand to the court of appeals is not necessary. We agree.

■ Cessna claims that its point of error challenging the factual sufficiency of the evidence supporting the jury's verdict was not addressed by the court of appeals. In support of this position, Cessna quotes the following language from the opinion of the lower court:

There is scant evidence that Smithson intended to become a commercial airline pilot.... Assuming, however, there was sufficient evidence of that intention, there are several problems concerning Mrs. Smithson's efforts to prove the earnings of a commercial airline pilot.

632 S.W.2d at 384. Mrs. Smithson, on the other hand, directs our attention to the following statements by the court of appeals appearing at the conclusion of the opinion:

Although this Court has treated the major questions in dispute, the parties have other points of error and cross-points. Such other points and cross-points have been considered, all are lacking in merit and all are overruled.

632 S.W.2d at 390.

The language Cessna points to was not a holding. The subsequent language, however, expressly held that all points not previously decided were overruled. Courts of Appeals are required by Tex.R.Civ.P. 451 to decide all issues presented. We therefore hold that the court of appeals here overruled Cessna's factual sufficiency point.

We conclude that the court of appeals erroneously reversed the trial court's judgment on the verdict. Accordingly, we reverse the judgment of the court of appeals and affirm that of the trial court.

POPE, C.J., dissents in an opinion in which McGEE, BARROW and CAMPBELL, JJ., join.

POPE, Chief Justice, dissenting.

I withdraw the former Dissenting Opinion delivered July 13, 1983, and substitute this one.

Plaintiff Darla Smithson instituted this products liability suit against Cessna Aircraft Company individually, as administratrix of her husband's estate and as next friend of her children. The trial court rendered judgment for the plaintiff for $1,200,000. Cessna filed a counterclaim asserting that Benjamin Smithson, Darla's husband and the pilot instructor of the plane, caused the crash of the airplane through his own negligence. The counterclaim alleged that Smithson failed to maintain flying speed, conducted low altitude maneuvers in a dangerous manner, and failed to supervise the activities of James E. Parker, the pilot trainee.

Plaintiff Smithson responded by a pleading that her action was one in strict liability and that the negligence of her husband was not a factor to be considered either in measuring liability or on issues of indemnity or contribution. Plaintiff Smithson also filed a motion to strike Cessna's counterclaim, alleging that contributory negligence of a plaintiff is no defense to a products liability case. The trial court then struck Cessna's counterclaim.

Cessna also filed a separate answer alleging that Smithson's death was caused by his failure to use the shoulder harness installed in the plane, by his misuse of the plane in flying with more than the maximum gross weight specified for the plane, and by his negligence. Plaintiff Smithson filed exceptions to Cessna's allegations of Smithson's contributory negligence coupled with a motion to strike the answer containing those defenses to a products liability suit. The trial court sustained the exceptions to each of the defenses and struck those parts of Cessna's answer. At trial, Cessna was stripped of its defenses that Smithson was contributorily negligent.

Cessna offered evidence during trial to prove its defenses of misuse and contributory negligence, but the trial court refused the offers. After sustaining an adverse judgment, Cessna preserved its claimed errors in its motion for new trial, which asserted that the trial court erred in excluding evidence of pilot error on the part of Smithson.

Cessna urged in its brief to the court of appeals that the trial court erred by striking its counterclaim alleging contributory negligence, by striking its pleadings alleging contributory negligence, by excluding its evidence, and by refusing to permit Cessna to prove the percentage of Smithson's own contributory negligence. Cessna cited the Texas decisions that would apportion Cessna's fault and Smithson's negligence: *Boatland of Houston, Inc. v. Bailey,* 609 S.W.2d 743 (Tex.1980) (Pope, J., concurring); *General Motors Corp. v. Hopkins,* 548 S.W.2d 344 (Tex. 1977) (apportionment of damages based upon misuse); and *Wenzel v. Rollins Motor Co.,* 598 S.W.2d 895 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.). Cessna argued that it was entitled to those defenses for the purpose of apportioning fault and damages as well as for its defense of indemnity. The court of appeals denied Cessna all of those defenses.

Cessna, having tried in the trial court and the court of appeals to assert its defenses concerning contributory negligence, had only one more place to go, the Supreme Court of Texas. It renewed all of its contentions in its application to the Supreme Court of Texas. The courts below understandably followed precedent and denied Cessna's contentions, but when Cessna reached this court and urged that it should not be required to pay for its fault as well as Smithson's fault too, it at last found a court that was willing to establish the fair system that Cessna had urged throughout in the two courts below.

Cessna wins! It does indeed achieve a correction and improvement of the law. The Supreme Court has now written an opinion upholding the principle that not only should a defendant pay for his share of the causing fault, but a plaintiff should bear his proportionate share of his own fault. Cessna must be pleased that the Texas Supreme Court would cite the same precedents and adopt the same reasoning that Cessna presented to both courts below, as well as to the Supreme Court.

Cessna has won the argument. The majority of this court, however, holds that Cessna still is liable for the same $1,200,000 judgment that it would have borne if it had been wrong instead of right. Cessna loses even though it won. Future defendants can apportion their share of fault, but not Cessna, says the majority. This court has never before rendered such a discriminatory judgment as explained in the concurring and dissenting opinion in *Duncan v. Cessna Aircraft Co.,* decided today. 665 S.W.2d 414 (Tex.1984).

We should treat defendant Cessna the same as we treated plaintiff Angelica Sanchez in *Sanchez v. Schindler,* 651 S.W.2d 249 (Tex.1983), which was decided less than three months prior to our original opinion in this case. I would reverse the judgment of the trial court and remand this cause so Cessna can obtain the fair trial it consistently sought; the very trial the majority says it was entitled to receive but did not get.

McGEE, BARROW and CAMPBELL, JJ., join in this dissenting opinion.