IN THE
TENTH COURT OF APPEALS
 

No. 10-00-176-CV

     IBN KHEDRU ANKH, A/K/A 
     FREDERICK LOUIS PUGH,
                                                                         Appellant
     v.

     TDCJ-ID, ET AL.,
                                                                         Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 00-32830
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Pugh appeals from an order of the trial court dismissing his pro se informa pauperis
action as frivolous.
      Appellant, a prison inmate, filed suit against the Texas Department of Criminal Justice-Institutional Division; and TDCJ-ID employees C. Bell, D. Moya, G. Kennedy, L. Barton, C.
Waltrop, R. McKinney, Wayne Scott, and Director’s Agent (name unknown). Appellant alleged
that on November 24, 1996, a cell search occurred and his Holy Book, the Koran, was taken; that
he filed a grievance which was denied on December 6, 1996; that the loss of his Holy Book caused
him emotional distress and he requested to see a psychiatrist for treatment, but this was denied;
that he filed a grievance for this, which was denied on May 30, 1997. Appellant alleged that he
appealed the denials in the prison grievance system but that his appeal was denied on July 11,
1997.
      Appellant filed this case in the 52nd District Court on February 9, 2000. The trial court
dismissed this case as frivolous on February 10, 2000, finding that "all allegations are barred by
the statute of limitations."
      Appellant appeals on two points of error: 
      1) The trial court reversably erred in dismissing Appellant's suit (prior to service of citation
and without any kind of hearing) based upon Appellant's claims having no arguable basis in law
or in fact.;
      2) The trial court reversably erred in dismissing Appellant's suit (prior to service of citation
and without any kind of hearing) based upon all allegations being barred by the statute of
limitations.
      Chapter 14 of the Tex. Civ. Prac. & Rem. Code applies to suits brought by an inmate who
has filed "an affidavit or unsworn declaration of inability to pay costs." Section 14.003 allows a
court to dismiss a suit before or after process is served if the court finds that: 1) the allegation of
poverty is false; or 2) the claim is frivolous or malicious. In determining whether a claim is
frivolous or malicious, the court may consider whether: 1) the claim's realistic chance of ultimate
success is slight; 2) the claim has no arguable basis in law or fact; 3) it is clear that the party
cannot prove facts in support of the claim; or 4) the claim is substantially similar to a previous
claim filed by the inmate.
      Our review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939). Or stated
another way, was the act of the court arbitrary or unreasonable. Smith v. Cessna Aircraft Co., 665
S.W.2d 439, 443 (Tex. 1984).
      Section 16.003 of the Tex. Civ. Prac. & Rem. Code provides in pertinent part that a person
must bring suit for injury or conversion of personal property, the taking or detaining of personal
property, not later than two years after the day the cause of action occurred. This section also
applies to civil rights actions.
      Appellant filed this case on February 9, 2000, more than two years after the taking or
conversion of his Holy Book was alleged to have occurred, and more than two years after his
administrative remedies in the prison grievance system had been denied. Thus the trial court did
not act without reference to any guiding principles, and did not abuse its discretion in the dismissal
of Appellant's lawsuit. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App. Waco 1996, no writ);
Bell v. TDCJ-ID, 926 S.W.2d 156, 157 (Tex. App.—Houston [14th Dist.] 1998, writ denied).
      Both of appellants points of error and all contentions made thereunder are overruled.
      All pending motions are denied.
      The judgment is affirmed.
                                                                   FRANK G. McDONALD
                                                                   Chief Justice (Retired)
Before Chief Justice Davis,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 20, 2001
Do not publish