IN THE
TENTH COURT OF APPEALS
 

No. 10-01-021-CV

     JAMES McCARTER,
                                                                         Appellant
     v.

     TIMOTHY J. NEW, ET AL.,
                                                                         Appellees
 

From the 12th District Court
Walker County, Texas
Trial Court # 20,958
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant McCarter appeals from an order of the trial court dismissing his pro se informa
pauperis lawsuit as frivolous.
      Appellant, an inmate in the Walls Unit of the Institutional Division of the Texas Department
of Criminal Justice in Walker County, on September 29, 2000, filed suit against Timothy J. New,
Walls Unit Warden; Rochelle McKinney, Professional Standards Chief; Gene McMasters, Health
Service Manager; John Doe /Jane Doe, Walls Unit Health Administrator; John W. Beason, Walls
Unit Dentist; and Ashcraft, Walls Unit Registered Nurse. Appellees are all employees at the
Walls Unit. Appellant alleged Appellees violated his constitutional rights, conspired against him,
falsified dental records, and refused him dental treatment in connection with an abscessed tooth
and the loss of a dental filling. Appellant sought $50,000 compensatory damages and $50,000
punitive damages against each Appellee. On December 1, 2000, the trial court dismissed
Appellant's lawsuit as frivolous.
      Appellant appeals contending the trial court abused its discretion in dismissing his lawsuit.
      Chapter 14 of the Tex. Civ. Prac. & Rem. Code applies to suits brought by an inmate who
has filed "an affidavit or unsworn declaration of inability to pay costs." Section 14.003 allows a
court to dismiss a suit before or after process is served if the court finds that: 1) the allegation of
poverty is false; or 2) the claim is frivolous or malicious. In determining whether a claim is
frivolous or malicious, the court may consider whether: 1) the claim's realistic chance of ultimate
success is slight; 2) the claim has no arguable basis in law or fact; 3) it is clear that the party
cannot prove facts in support of the claim; or 4) the claim is substantially similar to a previous
claim filed by the inmate.
      Section 14.004 provides: a) an inmate who files an affidavit or unsworn declaration of
inability to pay costs shall file a separate affidavit or declaration: 1) identifying each suit
previously brought by the person, and in which the person was not represented by an attorney; and
2) describing each suit that was previously brought by: A) stating the operative facts for which
relief was sought; B) listing the case name, cause number, and the court in which the suit was
brought; C) identifying each party named in the suit; and D) stating the result of the suit, including
whether the suit was dismissed as frivolous or malicious, or otherwise; b) if the affidavit or
unsworn declaration filed under this section state that a previous suit was dismissed as frivolous
or malicious, the affidavit or unsworn declaration must state the date of the final order affirming
the dismissal; c) the affidavit or unsworn declaration must be accompanied by the certified copy
of the trust account statement from the department or jail.
      Our review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939). Stated another
way, was the act of the court arbitrary or unreasonable. Smith v. Cessna Aircraft Co., 665
S.W.2d 439, 443 (Tex. 1984).
      Appellant's petition was not accompanied by an affidavit or unsworn declaration required by
Section 14.004. Thus there was not abuse of discretion in the trial court's dismissal of Appellant's
lawsuit. Hickson v. State, 926 S.W.2d 397, 398 (Tex. App. - Waco 1966, no writ). Bell v.
TDCJ-ID, 962 S.W.2d 156, 157 (Tex. App.–Houston 14 1998, writ denied).
      Appellant's contentions are overruled.
      The judgment is affirmed.
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis ,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 27, 2001
Do not publish