C. D. HICKS, Jr., Appellant,

v.

Zearl T. YOUNG et al., Appellees.

No. 4978.

Court of Civil Appeals of Texas, Eastland.

Jan. 20, 1977.

Rehearing Denied Feb. 17, 1977.

Brad Reid, Bradbury & Tippen, Abilene, for appellant.

Maurice V. Brooks, Brooks, Gordon & Long, Abilene, for appellees.

RALEIGH BROWN, Justice.

Zearl T. Young and H. E. Field, based on a jury verdict, were granted an injunction prohibiting C. D. Hicks, Jr. from obstructing a public road. Hicks appeals. We reverse and remand and dissolve the injunction.

The injunction order restrains Hicks as follows:

"  .   .   .   be perpetually enjoined to remove the gates and the fences built by Defendant, Hicks, on both sides of the road, same being a part of Survey 45, Block 15, T&P Ry. Co. Survey in Jones County, Texas, which road extends from the Clear Fork of the Brazos River northward to its intersection with the Hawley-Ft. Phantom Lake Road; said fences to be removed and not be rebuilt except on the line of the old fence in existence when the said C. D. Hicks, Jr., purchased his land; and that the Defendant, his agents, servants, and employees be and they are hereby perpetually enjoined from obstructing said public road with gates, electric fences, or any obstructions whatsoever, and from in any way damaging, destroying or injuring the roadbed thereof; further, that Defendant C. D. Hicks, Jr., his agents, servants, and employees be and the same are hereby perpetually enjoined from interfering with the use of said road in any manner whatsoever by Plaintiffs and from harassing Plaintiffs in any manner whatsoever in their use of the road."

The record before this court fails to establish with specificity either the location or the width of the road in question, or the location of the line of the old fence in existence when the said C. D. Hicks, Jr. purchased his land.

Rule 683, T.R.C.P., provides:

"Every order granting an injunction .   .   .   shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained;   .   .   ."

These requirements are mandatory. *Eastex Wildlife Conservation Association v. Jasper et al., County Dog and Wildlife Protective Association,* 450 S.W.2d 904 (Tex. Civ.App.—Beaumont 1970, writ ref. n. r. e.); *City of Fort Worth v. McDonald,* 293 S.W.2d 256 (Tex.Civ.App.—Fort Worth 1956, writ ref. n. r. e.); *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549 (1953); *Gonzalez v. Rodriguez,* 250 S.W.2d 253 (Tex.Civ.App. —San Antonio 1953, no writ).

An injunction must be definite, clear and concise. The cases state it should leave nothing for further hearing and decision. *Gulf Oil Corporation v. Walton,* 317 S.W.2d 260 (Tex.Civ.App.—El Paso 1958, no writ); *Villalobos v. Holguin,* 146 Tex. 474, 208 S.W.2d 871 (1948); *Borden Co. v. Local No. 133 of International Brotherhood of Teamsters, Chauffeurs, Stablemen, and Helpers of America,* 152 S.W.2d 828 (Tex.Civ.App.— Galveston 1941, writ ref.).

■ The order fails to meet the standards of definiteness, clearness, and conciseness as required. The injunctive order is therefore void for uncertainty and should be dissolved.

The judgment of the trial court is reversed and the cause remanded. The injunction is dissolved.