**Zearl T. YOUNG et al., Petitioners,**

v.

**C. D. HICKS, Jr., Respondent.**

No. B–6654.

Supreme Court of Texas.

June 22, 1977.

Brooks, Gordon & Long, Abilene, for petitioners.

Bradbury & Tippen, Abilene, for respondent.

PER CURIAM.

This suit was brought by petitioners, Zearl T. Young and H. E. Field, for damages and for an injunction requiring C. D. Hicks, Jr. to remove two gates and two fences that interfered with petitioners' use of a road. The trial court granted the injunction, but the court of civil appeals reported at 553 S.W.2d 1 (Tex.Civ.App.1977) reversed and ordered a trial of all issues.

Testimony at trial indicated that the general public had been using the unpaved road for at least sixty years and that the county periodically had maintained the road. Hicks's land lay on the east side of the road and Young's on the west. Prior to the time Hicks built the fences in question the only fence on his side of the road was set back from the road. Hicks testified at trial that he had had his land surveyed and that this survey showed that the property line between his land and Young's ran down the center of the road. On the basis of this survey Hicks erected an electrified fence on the property line as well as on the west side of the road, thereby leaving about eight to ten feet of clearance for vehicles using the road. Testimony indicated that these fences made passage of larger pieces of farm equipment or county maintenance equipment impossible. Hicks stated that the two fences provided a route by which he could drive his cattle to his back pasture. The fence on the west side of the road was necessary to keep the cattle out of Young's grain.

In response to special issues the jury found that the road had become public, that Hicks had built the fences to harass petitioners, and that the road was half on Hicks's land and half on Young's. The trial court then issued an injunction requiring Hicks to move the fences and not rebuild them except on the fence line in existence when Hicks purchased the property. The court of civil appeals reversed and remanded because the injunction failed "to estab-

lish with specificity either the location or the width of the road in question, or the location of the line of the old fence in existence when C. D. Hicks, Jr. purchased the land."

While we agree with the court of civil appeals that the injunction failed to meet the specificity requirements of Rule 683,[1] the general remand by the court of civil appeals was contrary to Rule 434, which provides:

> [I]f it appear to the court that the error affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error. . . .

Neither of the parties complained of the jury findings that the road was public and that Hicks erected the fence for harassment purposes. The only points of error before the court of civil appeals dealt with the lack of evidence of the location of the road and the fences. The location issue is separable from the other issues in the case and the parties will not be harmed by limiting the trial on remand to this issue. There is no reason to require the parties to retry the other issues in the case that have been correctly litigated submitted, and determined. Therefore, pursuant to Rule 503, we limit the remand to the issue of the location of the road and fences. We order the opinion of the court of civil appeals published.

Under Rule 483, after granting the application for writ of error and without hearing oral argument, the judgment of the court of civil appeals is affirmed in part and reversed in part, and the cause is remanded to the district court in accordance with this opinion.

---

1. All references to rules are to the Texas Rules of Civil Procedure.