MONTAGUE COUNTY, Appellant,

v.

S. D. HOWARD, Appellee.

No. 18247.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 29, 1979.

Jack Lovette, Bowie, for appellant.

Douthitt, Mitchell & Paul, and Frank Douthitt, Henrietta, for appellee.

OPINION

HUGHES, Justice.

Montague County has appealed from a summary judgment granted to S. D. Howard. County had sued to enjoin Howard from obstructing a road and to require him to remove a barbed wire fence therefrom. The only ground for trial court's granting of the summary judgment was that the description made from the survey used was insufficient to describe the land in question. County filed no answer to the unsworn motion for summary judgment filed by Howard.

We affirm.

Specificity is the key word in this appeal. Did the Seay survey and field notes pleaded by county locate the roadway with sufficient specificity?

Failure to establish specificity of road location was the basis of reversal of judgment granting injunction in *Young v. Hicks*, 559 S.W.2d 343 (Tex.1977), in a case having a fact situation remarkably similar to this case. The only surveyor's testimony in this case was that of Hardy L. Seay. Seay indicated that his survey did not commence at a known corner; that he did not check any bearings on making a 90° turn; that his survey followed the west boundary line of a Robertson survey "approximately" (which he had to correct on finding an old fence), and that he was unable to find a corner of the Stewart subdivision which was involved herein.

Seay also indicated that he never located with certainty the east boundary line of the essential York tract (off of which is the

fifteen foot strip alleged owned by County). We agree with Howard that Seay's deposition shows the survey to be lacking and overrule point of error no. 2.

We cannot hold that Howard made admission in his pleadings such as to preclude an issue of specificity in Seay's description of the land, since the supreme court held in *Straffus v. Barclay*, 147 Tex. 600, 219 S.W.2d 65 (1949), that an affirmative defense pleading following a general denial is not a judicial admission. Therefore, Howard's use of the Seay description in his affirmative pleadings did not ratify it. We overrule point of error no. 1.

As noted, County did not file a reply to Howard's motion for summary judgment. Since it failed to point out any issues to defeat Howard's motion in the trial court, it cannot raise a new ground or resurrect a ground abandoned at the hearing to defeat the judgment on appeal. *The City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); Tex.R.Civ.P. 166–A. We hold that this recent supreme court ruling further precludes County from prevailing in this appeal.

Affirmed.