Durwood C. NORRIS, et ux., Appellants,

v.

Walter PLEMONS, et ux., Appellees.

No. 18225.

Court of Civil Appeals of Texas,
Fort Worth.

March 20, 1980.

Houston McMurry, Henrietta, Browning
& Richie, and William V. Browning, Wichita Falls, for appellants.

Douthitt, Mitchell & Paul, and Frank J.
Douthitt, Henrietta, for appellees.

## OPINION

HUGHES, Justice.

Durwood Norris and wife (Norris) brought suit in trespass to try title against Walter Plemons and wife (Plemons), who were adjoining landowners. Norris relied on a survey of the disputed land to establish title through a chain of warranty deeds. In defendants' motion for summary judgment Plemons alleged that the survey was defective and did not describe accurately the land which was the subject of the suit. The trial court sustained the motion, granted judgment in favor of Plemons and denied any recovery sought by Norris.

We reverse and remand.

This suit involves title to a roadway which runs along the common boundary between the Norris and Plemons lands, located in Clay County, Texas. A fence runs along one side of the road and it has fallen into disrepair at various points. A dispute arose as to which side of the road was the property line and who owned the road. Norris claimed title through a series of warranty deeds, based on a survey known as "the Hopkins County School Land Survey."

In his answer, Plemons pled limitation title based on the ten and twenty-five year statute of limitations, Tex.Rev.Civ.Stat. Ann. arts. 5510 (1958) and 5519 (Supp.1980), respectively. Shortly after answering, Plemons filed a motion for summary judgment and argued therein that Norris based his claim solely on the survey, the survey was insufficient to adequately identify the land here in dispute, and Norris could not prevail in his trespass to try title action based on the survey, so therefore, summary judgment was proper. In short, Plemons argued that Norris had sued to quiet title to the wrong land. After considering the survey, a deposition and a number of affidavits attached to Plemons' motion for summary judgment, the trial court granted judgment in favor of Plemons and that Norris take nothing.

By separate points of error, Norris attacks this ruling on the grounds there were genuine issues of material fact and the record did not establish as a matter of law that Plemons was entitled to judgment, each making summary judgment improper, and there were fatal defects in the affidavits attached to Plemons' motion for summary judgment. We sustain the first two points and overrule the third.

In a suit such as this one, where title to land is in dispute, any ruling by a trial court on the sufficiency of a survey through which one party claims title goes to the merits of the case and involves the resolution of genuine issues of material fact. This case arose out of the inability of the parties to establish the location of their common property line. If the determination of where this line was depended on the accuracy of a land survey, it would appear that any discrepancy caused by alleged inaccuracies in the survey would be the type of issue involving a material fact. Where there is a genuine issue of material fact it is improper for a trial court to dispose of a case on a motion for a summary judgment.

Additional facts and summary judgment evidence also show that there is a second contested issue of material fact. In essence, the two parties are disputing a roadway with a fence along the "far" side of the road relative to their property. Each party claims title to the far side of the roadway. Norris claims record title to the roadway, while Plemons claims title to it by limitation. In order to establish limitation title, Plemons must show, among other things, that he held possession adversely to Norris' title for a requisite period of time. In this case, the land adjacent to the roadway was used for cattle grazing. The fence along the roadway was used to keep cattle on the respective lands of Norris and Plemons. The fence would also show who controlled and used the road which ran along the edge of each party's property just inside the fence. Thus, whether or not the fence could "turn cattle", e. g. keep cattle from crossing the fence, would be one way of proving the requisite exclusive use of the land, one element of adverse possession.

This exclusiveness of use was put into issue in this suit. Plemons claimed that the fence ran along the far side of the roadway, that it was of good repair and that it would turn cattle. If this were so, the roadway would have been on his side of the fence, and he would be able to show adverse use of Norris' land. However, Norris timely replied with an answer, which incorporated by reference a properly executed affidavit which stated that the condition of the fence on which Plemons relied to make this showing was old and broken down, and that it could not turn cattle. This clearly put the exclusive use of the land into issue.

In any summary judgment case, the granting of a summary judgment is proper only where there are no contested issues of a material fact, and where the movant proves that he is entitled to judgment as a matter of law. Tex.R.Civ.P. 166–A; *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). We hold that not only are there contested issues of material facts present in this case, but that Plemons failed to show that he was entitled to judgment as a matter of law. It is the absence of genuine issues of material fact which entitle a party to judgment as a matter of law. Therefore, if a genuine

issue of a material fact exists, it is impossible for a party to be entitled to judgment as a matter of law.

In regard to the specificity of the survey, Plemons directs our attention to two recent cases, *City of Houston v. Clear Creek Basin Authority, supra,* and *Montague Cty. v. Howard,* 590 S.W.2d 833 (Tex.Civ.App.— Fort Worth 1979, no writ). They urge that the decision in the *Clear Creek* case precludes Norris from complaining about the lack of specificity of the Hopkins County School Land Survey, and that since Norris had not done so while this case was pending before the trial court, Norris cannot now be heard to complain of the lack of any specificity on appeal. We find this contention without merit. Norris is not complaining about the specificity of the survey. It is Plemons who complains of this lack of specificity and we hold that this lack of specificity creates a fact issue. We fail to see how this argument is germane to Plemons' argument.

Concerning the *Howard* case, which this court recently decided, we also fail to see how the case is relevant. *Howard* dealt with a land survey, where the determination of title to land turned on the specificity of the survey. As far as we can see, that is the only manner in which that case is similar to the present one. Like the argument advanced under the *Clear Creek* case, we feel that argument is not germane. Again,

it is Plemons who cites the lack of specificity of the survey and attempts to show that this did not create a genuine issue of material fact. It is the lack of specificity which created an ambiguity, and this very ambiguity created a contested issue of fact which rendered the use of a summary judgment improper to dispose of the case. It would have been a better course to pursue the matter to a trial on the merits and eliminate any ambiguity instead of rendering a summary judgment concerning the location of and title to the lands which were in question.

Since there are two contested issues here involving material facts, we sustain Norris' first point of error. We further sustain his second point of error, as the existence of a genuine issue of material fact precludes Plemons' entitlement to judgment as a matter of law. However, since we have reversed the summary judgment, we do not pass on the sufficiency of the affidavits attached to Plemons' motion for summary judgment complained of in the third point of error.

The judgment is reversed and remanded.