NATIONAL SURETY CORPORATION, Appellant,

v.

Beatrice RUSHING, Appellee.

No. 8692.

Court of Appeals of Texas, Beaumont.

Dec. 10, 1981.

David G. Mills, Bellaire, for appellant.

Richard P. Hogan, Houston, for appellee.

KEITH, Justice.

Defendant below appeals from an adverse judgment based upon a jury verdict which awarded plaintiff workers' compensation for total and permanent disability payable in a lump sum. There is no attack upon the legal or factual sufficiency of the evidence and our brief factual statement will serve only to put the present complaints into focus.

The parties had engaged in extensive pretrial preparation including interrogatories served by the defendant upon the plaintiff pursuant to *Tex.R.Civ.P. 168*, as amended in 1973.[1] Interrogatory number thirty-eight asked plaintiff to name each expert witness plaintiff expected to call to testify upon the trial. The interrogatory was answered: "This has not been determined." The interrogatories were not amended or supplemented before trial.

While engaging in voir dire examination of the jury on the morning of trial, January 12, 1981, plaintiff's counsel told the jury "that he might call Dr. Elliott", a chiropractor, as an expert witness to testify on behalf of plaintiff. At a hearing before the Court when the case actually went to trial on January 14, defendant's counsel stated into the record that he first learned of Dr. Elliott and his treatment of plaintiff during the voir dire examination of the jury.

The trial court offered defendant the opportunity to depose the witness "and to recess [the] trial until such time as he has [had] an opportunity to do so" but the offer was declined. While counsel pleaded sur-

---

1. The set of interrogatories included 47 separate questions, many of which contained multiple sub-parts. See and cf. *Rule 168*, as amended effective January 1, 1981, limiting the number of required answers to not more than thirty required by all interrogatories propounded in a single set.

prise, there was no motion made to withdraw the announcement of ready or to continue the cause. The trial court overruled the objection to the noncompliance with amended *Rule 168*, as noted, and found "good and sufficient cause exists to require the admission of the testimony" of Dr. Elliott.

While *Rule 168*, since its amendment in 1973, has required a party to supplement answers to interrogatories which, although correct when made, are no longer correct,[2] the earlier version of the Rule did not specifically provide for sanctions to be imposed for a violation of the provision requiring supplementation of answers. See *Texas Employers Ins. Ass'n v. Thomas*, 517 S.W.2d 832, 834 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.). *Trubell v. Patten*, 582 S.W.2d 606, 610 (Tex.Civ.App.—Tyler 1979, no writ).

This omission was corrected by the 1981 amendment by the addition of this language to the Rule: ·

"If such amendment is not timely made, the testimony of the witness shall not be admitted in evidence unless the trial court finds that good cause sufficient to require its admission exists . . . ."

See Pope and McConnico, "Practicing Law With the 1981 Texas Rules", *32 Baylor L.Rev. 457, 480 (1980).*

■ Unquestionably, the Supreme Court intended, by its 1981 amendment to *Rule 168*, to eliminate just such a problem as that presented by this case. However, it is equally clear that some discretion still remains in the trial courts despite the amendment; or, stating the matter conversely, mandatory exclusion of the testimony of the unnamed witness is not required. We

are not impressed with the factual base of defendant's contention, as set out in the margin.[3] Again, we note that defendant did not seek a continuance of the case and there is no indication in the record that such relief would have been denied if sought.

We are of the opinion that defendant's reliance upon *Tabatchnick v. G. D. Searle & Company*, 67 F.R.D. 49, 55 (D.N.J.1975), construing *Fed.R.Civ.P. 26(e)(1)*, is not pertinent to the question before the Court. As noted by the District Judge in *Tabatchnick*, the federal rule admits of no exceptions except for causes beyond control. The Texas rule is not so restrictive.

Discretion is granted to the trial judge under *Rule 168* so that the testimony of the unnamed witness may be admitted, notwithstanding the failure to comply with the supplemental requirement, if "the trial court finds that good cause sufficient to require its admission exists."

■ While a specific sanction for failure to comply with the supplemental requirement has been provided, we are not persuaded that all rules formerly prevailing were abrogated by the amendment. This Court had occasion to consider sanctions in *Illinois Emp. Ins. Co. of Wausau v. Lewis*, 582 S.W.2d 242, 245 (Tex.Civ.App.—Beaumont 1979), citing many cases to which we now refer. Our holding was approved by the Supreme Court; only "the broad dictum" relating to the procedure for imposition of sanctions was disapproved. *Lewis v. Illinois Emp. Ins. Co.*, 590 S.W.2d 119 (Tex. 1979).

■ We have an incomplete statement of facts, and we do not find in our record where defendant complied with the provisions of *Tex.R.Civ.P. 377(d)*, as amended in

---

2. See *Rule 168 (1973)*, seventh full paragraph, and *Rule 168 (1981)*, § 7(a)(3).

3. "Opposing counsel offered defendant the opportunity to depose appellee's chiropractor during the evening recess of Wednesday, January 14, 1981. The Court then offered counsel for appellant the opportunity for a recess to take the chiropractor's deposition. Defendant was put to an awful election: If it took an evening recess to depose the chiropractor as opposing counsel suggested to learn the substance of the expert testimony, the defendant's counsel still would not have had sufficient time to prepare a cross-examination of the witness; if the defendant took a recess any longer than that, it took the risk that its own expert witness, Dr. E. J. Tucker, who was from Houston and not Liberty, might not have been able to testify at a later date. Defendant's counsel refused the recess in order to insure his own expert's testimony the following day."

1981, limiting the points to be relied upon on appeal. It is provided therein that:

"If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal."

Obviously, the amendment to the rule requiring the filing of the statement was designed to remove the presumption arising from the use of a partial statement. See, e.g., *The Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968), and its progeny.

■ While we would be authorized, under the holding in *Kennedy*, supra, to find no error, we are not willing to place our reliance entirely on such theory. Consequently, we now turn to a consideration of the harm, if any, shown by the defendant.

■ We invoke the well-established rule that the failure to comply with the discovery rules is directed to the sound discretion of the trial court whose action can be set aside only upon a showing of clear abuse of discretion. *Trubell v. Patten*, supra; Sales, "Pre-Trial Discovery", *31 SW.L.J. 1017, 1031 (1977)*; Comments: "Discovery Sanctions", *31 Baylor L.Rev. 191 (1979)*.

■ Assuming, arguendo, that defendant has disclosed error on the part of the trial court in permitting the witness to testify under the circumstances noted, we are not authorized to reverse. The defendant, our appealing party, must also show that such error probably did cause the rendition of an improper judgment in this case. *Tex.R. Civ.P. 434; Dennis v. Hulse*, 362 S.W.2d 308, 309 (Tex.1962).

■ On the record before us, we cannot say that the trial court abused its discretion or that its action in permitting Dr. Elliott to testify probably caused the rendition of an improper judgment. Since defendant has not discharged the onerous burden of showing prejudice, the judgment of the trial court may not be disturbed. *Dennis v.*

*Hulse*, supra, 362 S.W.2d at 310. Point one is overruled.

We have disposed of the principal complaint of the defendant but he has several other arrows in his bow, one of which is a claim of error of the trial court in sustaining an objection to a question he propounded to Dr. Elliott, plaintiff's chiropractic witness. As a preface, the witness opined that there was an "ongoing fued between the medical profession and the chiropractic profession" and that he did *not* read "medical professional journals" but did read those relating to the chiropractic profession. Counsel then asked Dr. Elliott:

"Have you ever read an article entitled 'Malpractice is an Inevitable Result of Chiropractic Philosophy, and Tragic'?"

The trial court sustained an objection, the substance of which was that until the witness recognizes the authority or the author of the treatise, there can be no evidence given of the article. An offer of proof was made, in the form of a statement of counsel, that chiropractic treatment of a condition such as that suffered by plaintiff was dangerous and "can be life-threatening." The particular article does not appear in our record.

■ We have given careful consideration to defendant's contentions and the authorities it submits in support thereof but remain unpersuaded.[4] There is no dispute as to the legality or propriety of examining the expert witness as to his knowledge of treatises, books, scientific journals, etc., and whether or not he agrees with such writings; but, as said in *Simms v. Southwest Texas Methodist Hospital*, 535 S.W.2d 192, 199 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.):

"... this use of such documents is limited to publications which the witness recognizes as authoritative. *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779 (1949)."

---

4. Defendant cites and relies upon *Guidry v. Phillips*, 580 S.W.2d 883 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n. r. e.); *Simms v. Southwest Texas Methodist Hospital*, 535

S.W.2d 192 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.); and *Webb v. Jorns*, 530 S.W.2d 847 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.).

Defendant did not lay a proper predicate for further questions concerning the particular article mentioned. Point two is overruled.

Defendant's other two points of error have been examined and found to be without merit.

The judgment of the trial court is affirmed.