TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

**Barbara WEBB, Appellee.**

**No. 10–83–002–CV.**

Court of Appeals of Texas, Waco.

Oct. 27, 1983.

Rehearing Denied Nov. 30, 1983.

Beverly Willis, Mary S. Canfield, Naman, Howell, Smith & Lee, P.C., Waco, for appellant.

Raymond T. Palladino, Ben Selman, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Insurance carrier from a judgment for plaintiff on temporary and permanent incapacity in a worker's compensation case.

Plaintiff Webb was employed at Plantation Foods where her job involved trimming pieces of meat that came past her on a conveyor belt. She testified that on April 10, 1980, she reached to try to catch meat which fell and was falling onto the floor and felt a pull in her back. She went to the emergency room and received some pain medication, then finished the work day. She saw Dr. Becker on April 12; and Dr. Lewin a week later and he admitted her to the hospital for 13 days and performed a myelogram. While in the hospital she was also treated by a Dr. LeCrone. Dr. Lewin's opinion was she had suffered a muscle strain in her neck which had improved and he had released her to work on May 19, 1980. Thereafter appellee consulted Dr. Stockton who put her back in the hospital, performed another myelogram and continued to treat her. In June or July, 1981, Dr. Stockton operated on plaintiff.

Trial was to a jury which found:

(1) Plaintiff received an injury on April 10, 1980.

(2) She was injured in the course of her employment.

(3) The injury was a producing cause of total incapacity:

(3a) which began April 11, 1980;

(3b) and ended October 1, 1980;

(3c) the injury was a producing cause of a second period of total incapacity;

(3d) which began June 20, 1981;

(3e) and ended August 19, 1981.

(4) The injury was a producing cause of partial incapacity:

(4a) which began October 2, 1980;

(4b) and ended June 18, 1981;

(4c) plaintiff's average weekly earning capacity was $55.00;

(4d) the injury was a producing cause of a second period of partial incapacity;

(4e) which began August 20, 1981;

(4f) and was permanent;

(4g) plaintiff's average weekly earning capacity during the second period of partial incapacity was $55.00.

(5) Medical care was reasonably required as a result of the injury.

(6) Defendant failed to furnish within a reasonable time medical care reasonably required as a result of the injury.

(7) The reasonable cost incurred by plaintiff for such medical care was $11,921.05.

The trial court rendered judgment for plaintiff for $28,876.00 plus $11,921.05 medical expenses.

Defendant appeals on 3 points.

Point 1 asserts the trial court erred in overruling its objection to the testimony of Dr. Stockton on the ground he was not listed in original or supplemental answers to interrogatories requesting the name of all expert witnesses plaintiff expected to call at trial.

Plaintiff's interrogatories to defendant asked: "Please give the name and address of every expert witness whom you * * expect to call to testify at the trial of this case." Plaintiff answered: "I do not know at this time."

Plaintiff was also asked to list the doctors she had consulted since her accident. She responded with 6 names including Dr. Stockton's. Defendant secured by deposition Dr. Stockton's medical records. In course of trial plaintiff called Dr. Stockton as a witness. Defendant objected to his testimony because he had not been listed as a witness in response to its interrogatories, which the trial court overruled. Rule 168 TRCP Paragraph 7(a)(3) provides: "If the party expects to call an expert witness whose name * * has not been previously disclosed in response to an appropriate interrogatory, such answer must be amended to include the name, address and telephone number of the witness * * * as soon as is practical, but in no event less than fourteen (14) days prior to the beginning of trial * *. *If such amendment is not timely made, the testimony of the witness shall not be admitted in evidence unless the trial court finds that good cause sufficient to require its admission exists;* "[1]

This case originated as an appeal to District Court by the defendant Insurance carrier from an award by the Industrial Accident Board in which both plaintiff and Dr. Stockton were named defendants. Thereafter the court realigned the parties, and prior to trial Dr. Stockton was dismissed from the case.

■ It is true plaintiff failed to list Dr. Stockton as an expert witness she intended to call, in response to defendant's interrogatory, and did not amend her answer to such

effect. Nevertheless Dr. Stockton (who had as noted been a party) was listed as a treating physician and his deposition was taken and his records secured by defendant prior to trial. In such situation the testimony of Dr. Stockton could not constitute a surprise to defendant and we think the trial court authorized to find that good cause sufficient to admit his testimony existed, and authorized to overrule defendant's objection. *National Surety Corp. v. Rushing,* CA (Beaumont) NWH, 628 S.W.2d 90.

Point 1 is overruled.

Point 2 asserts the trial court erred in submitting to the jury over defendant's objections Issues Nos. 3(c), (d) and (e), and 4(d), (e), (f) and (g).

■ During deliberations the jury sent the court a note that they wished to find a second period of total incapacity and requested appropriate issues by which to do so. The court over defendant's objection submitted Issues 3(c), (d) and (e). Later during deliberations the jury sent the court another note that they wished to find a second period of partial incapacity and requesting appropriate issues. The court over defendant's objection submitted Issues 4(d), (e), (f) and (g).

■ The trial court has the right to instruct the jury additionally. Rule 286 TRCP; *Gulf Ins. Co. v. Gibbs,* CCA (Houston 1) NRE, 534 S.W.2d 720; *Bd. of Regents, U. of T. v. S & G Const. Co.,* CCA (Austin) NRE, 529 S.W.2d 90; *Tex. St. Hwy. Dept. v. Reeves,* CCA (Beaumont) Er Ref'd, 161 S.W.2d 357.

Point 2 is overruled.

Point 3 asserts the trial court erred in overruling defendant's objection to testimony of Dr. Stockton concerning x-rays which were not produced in court. Counsel for plaintiff questioned Dr. Stockton about x-rays taken of plaintiff during a myelogram procedure. Defendant objected on the basis that any testimony about what x-rays reveal without the x-rays being proved up is hearsay and denies the right of defendant to cross examine concerning the x-rays. The court sustained the objection. There-

1. Italics ours.

after counsel for plaintiff asked Dr. Stockton if he made x-rays of plaintiff to which the witness answered affirmatively. Then counsel asked the doctor what the x-rays revealed to him. Defendant objected for the same reason as before and the trial court overruled the objection and the doctor testified they revealed a defect at the L4–L5 level. Thereafter the doctor testified, over the same objection, that the x-rays revealed that at L–4/5 level there is a bulge that pushes into the spinal canal. *Community Chapel Funeral Home v. Allen,* CCA (Beaumont) NRE, 499 S.W.2d 215 and *Avila v. U.S.F. & G. Co.,* CCA (San Antonio) NRE, 551 S.W.2d 453 hold it error for the trial court to permit testimony of a physician regarding his findings from x-rays not in evidence; while *Kollmorgan v. Scott,* CCA (Houston 14) NWH, 447 S.W.2d 236 holds to the contrary.

Assuming without deciding that it was error for the trial court to permit the doctor's testimony without the x-rays being introduced into evidence, we hold the error harmless in view of the doctor's further detailed testimony of his examinations, treatment, performance of surgery on plaintiff, and of his opinion as to plaintiff's condition. Rule 434 TRCP.

AFFIRMED.