**H.E.B., INC., Appellant,**

v.

**Sarah Marie MORROW, Appellee.**

**No. 13–85–144–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 12, 1985.

On Rehearing Jan. 16, 1986.

Second Rehearing Denied Feb. 13, 1986.

William A. Abernethy, Meredith & Donnell, Corpus Christi, for appellant.

James H. Bjorum, Cox, Dodson & Bjorum, Corpus Christi, for appellee.

Before UTTER, SEERDEN and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a jury verdict in a slip and fall case. Appellee, Sarah Marie Morrow, brought suit against H.E.B., Inc. (H.E.B.) alleging that she slipped and fell at an H.E.B. store due to the negligence of H.E.B. in maintaining its premises. Appellee also alleged that H.E.B. was negligent in its treatment of her after her fall. The jury found that H.E.B. was not negligent in maintaining its premises. However, the jury found that H.E.B.'s conduct toward appellee after her fall was negligent and awarded $4,000.00 as actual damages and $13,000.00 in exemplary damages. We reverse and remand for a new trial.

In points of error one through five, H.E.B. contends that the trial court erred and abused its discretion in excluding the entire testimony of its witness Ken Murphy, the store manager. The trial court

based its decision to exclude Murphy's testimony on:

(1) H.E.B.'s evasive or incomplete answer to Interrogatories Numbers 1 and 12, and

(2) H.E.B.'s failure to supplement its answer to Interrogatory Number 12.

Both interrogatories were contained in a set of interrogatories propounded by appellee to H.E.B. The interrogatories and H.E.B.'s answers thereto are as follows:

1. Please state the name, address, title on date of occurrence, employer, and information believed to be in possession of each person or organization with information relevant to this occurrence.

Answer: We would assume the plaintiff; H.E.B.'s employees, all doctors seen by Mrs. Morrow before and after this occurrence; we are unaware of any other witnesses.

\* \* \* \* \* \*

12. At the time that plaintiff was first observed by an agent, servant, representative or employee of defendant following this occurrence, please indicate: ... (e) the names and addresses of the employees to first come to her aid or assistance.

Answer: Mr. Ken Murphy
Missouri

## INCOMPLETE OR EVASIVE ANSWER

■ There is no question that appellant's answer to Interrogatory No. 1 was both evasive and incomplete. It supplied none of the requested information or even attempted to do so.

In so far as Interrogatory No. 12 was concerned, appellant's attorney stated on the record prior to the Bill of Exceptions that at the time the interrogatories were answered the appellant did not have an address for Murphy in Missouri. It could and should have included such information in its answer.

The applicable portion of TEX.R.CIV.P. Rule 215, Abuse of Discovery; Sanctions, provides in part as follows:

the discovering party may move for an order compelling a designation, an appearance, an answer or answers, or inspection or production in accordance with the request, or apply to the court in which the action is pending for the imposition of any sanction authorized by paragraph 2b herein without the necessity of first having obtained a court order compelling such discovery.

One sanction authorized by paragraph 2b of Rule 215 is:

(4) an order refusing to allow the disobedient party to support or oppose designated claims or defenses or prohibiting him from introducing designated matters in evidence;

It is apparent from the record that this sanction was imposed by the trial judge in this case in preventing appellant from introducing the testimony of Murphy.

A reading of Rule 2151(b) demonstrates that it provides two options for the party whose request for discovery is not met:

(1) the discovering party may move for an order compelling a designation, an appearance, an answer or answers, or inspection or production in accordance with the request;

(2) or apply to the court in which the action is pending for the imposition of any sanction authorized by paragraph 2b herein without the necessity of first having obtained a court order compelling such discovery.

The record reflects that appellee did not move for any order to compel compliance with respect to either Interrogatory 1 or 12. Nor did appellee apply to the court for imposition of any sanction authorized by paragraph 2b. Furthermore, it is apparent that appellee knew the names of the H.E.B. employees who had "relevant information," as is shown by the following interrogatory posed by H.E.B. and appellee's answer thereto:

4. Please state the name and last known address of any person having relevant information or knowledge concerning any matters involved in this lawsuit.

*Answer:*

(1) Sarah Morrow, 1426 Sulane Apt. B, Corpus Christi, Texas 78415;

(2) Mr. and Mrs. James B. Harris (my son and daughter-in-law) 442 Oakdale, Corpus Christi, Texas 784182 [sic];

(3) Mr. Ariel Cantu, 4837 Kosarek, Corpus Christi, Texas; (H.E.B. employee)

*(4) Mr. Ken Murphy, last address unknown to Plaintiff.* [emphasis added]

Rule 215(2)(b)(4) does authorize an order "prohibiting [the disobedient party] from introducing designated matters in evidence" for failure to answer an interrogatory. However, the rule plainly states that such a sanction may be imposed only "after notice and hearing." We interpret this to *require* notice and hearing prior to trial. *American Central Insurance Co. v. Texhoma Stores, Inc.,* 401 S.W.2d 593 (Tex. 1966); *Vega v. Royal Crown Bottling Co.,* 526 S.W.2d 729 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Employers Mutual Liability Insurance Co. of Wisconsin v. Butler,* 511 S.W.2d 323 (Tex.Civ.App.—Texarkana 1974, writ ref'd n.r.e.). This is especially true in this case where the now complained of answers to interrogatories were filed one year and four months prior to trial. Since no motion for an order to compel a more complete answer or application for sanctions was made by appellee under the provisions of Rule 2152b, H.E. B.'s evasive or incomplete answer to Interrogatories Number 1 and 12 could not, as a matter of law, form the basis for the trial court's exclusion of Murphy's testimony.

## FAILURE TO SUPPLEMENT

Under TEX.R.CIV.P. 166b(5), a party is under a duty to supplement answers to interrogatories when he receives information which renders the response, although correct and complete when made, no longer true and complete and the circumstances are such that his failure to amend the answer would be misleading. The trial court correctly held that under Rule 166b(5) H.E.B. had a duty to supplement its answer to Interrogatory Number 12 and inform appellee's counsel that Murphy was now located in San Antonio.[1]

TEX.R.CIV.P. 215(5) provides that:

A party who fails to supplement seasonably his response to a request for discovery in accordance with paragraph 5 of Rule 166b shall not be entitled to present evidence which the party was under a duty to provide in a supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter when the information required by Rule 166b concerning the witness has not been disclosed, unless the trial court finds that good cause sufficient to require admission exists.

■■ The imposition of an *appropriate* sanction for failure to supplement interrogatories in compliance with Rule 166b falls within the broad discretion of the trial court. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439 (Tex.1984). On appeal, the sanctions imposed by the trial court can only be set aside if it is shown that the trial court clearly abused its discretion. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d at 442; *Lindley v. Flores,* 672 S.W.2d 612 (Tex.App.—Corpus Christi 1984, no writ); *Allied Finance v. Garza,* 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd. n.r.e.). To establish a clear abuse of discretion, appellant "must show that the trial's court action was arbitrary or unreasonable in light of all the circumstances of the particular case." *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d at 443. Once error has been established, appellant must also show that such error was calculated to cause and probably did cause the rendition of an improper judgment. *National Surety Corp. v. Rushing,* 628 S.W.2d 90 (Tex.

1. We do not hold that H.E.B. would have been under a duty to supplement these answers to interrogatories with Murphy's phone number because no phone numbers were requested in the interrogatories propounded by appellee.

We only hold that having discovered that Murphy no longer resided in Missouri, H.E.B. was under a duty to supplement its answer as to Murphy's present location when it became known to H.E.B.

App.—Beaumont 1981, no writ); TEX.R. CIV.P. 434.

■ Under Rule 215(5) failure to supplement a party's response to discovery concerning a witness can result in the loss of the right to offer the witness's testimony. This sanction is mandatory unless "the trial court ... affirmatively find[s] the existence of good cause sufficient to require admission." Kilgarlin and Jackson, *Sanctions for Discovery Abuse Under New Rule 215*, 15 St. Mary's L.J. 767, 819 (1984). The burden should be on the party seeking the admission of the testimony to show good cause sufficient to require the admission of that testimony in spite of his failure to comply with the discovery rules. Kilgarlin, *What To Do With the Unidentified Expert?*, 48 Tex.B.J. 1192 (Nov.1985). "Further, the proponent must convince the trial court that the justice of the case requires or compels admission." Kilgarlin and Jackson, *Sanctions for Discovery Abuse Under New Rule 215*, 15 St. Mary's L.J. at 819. By excluding the testimony in the case at bar, the trial court impliedly found that good cause did not exist to require its admission.

At the time that H.E.B. offered Murphy's testimony, appellee's counsel argued their motion to exclude the testimony on the basis of surprise, and on appeal argues that H.E.B. "tried to ambush Mrs. Morrow and her counsel" by offering Murphy's testimony. However, the evidence clearly shows this contention to be unfounded.

As early as June 30, 1983, one year and four months prior to trial, appellee was informed, by H.E.B.'s answers to appellee's interrogatories, of the existence of Ken Murphy. The relevant interrogatories and H.E.B.'s answers thereto were as follows:

11. Please indicate how, by what means, and by whom Plaintiff was removed from the store following the occurrence and taken home.
[answer:]

The Plaintiff was assisted out the store. She was helped into the automobile belonging to Mr. Ken Murphy and taken to her residence. She was then assisted to her apartment.

\*　\*　\*　\*　\*　\*

12. At the time that Plaintiff was first observed by an agent, servant, representative or employee of Defendant following this occurrence, please indicate:

\*　\*　\*　\*　\*　\*

e. The names and addresses of the employees to first come to her aid or assistance.
[answer:]

Mr. Ken Murphy
Missouri

On June 25, 1984, appellee filed her answers to supplemental interrogatories posed by H.E.B. The interrogatory and answer thereto pertinent to our discussion are as follows:

4. Please state the name and last known address of any person having relevant information or knowledge concerning any matters involved in this lawsuit. *Answer:*

\*　\*　\*　\*　\*　\*

(4) Mr. Ken Murphy, last address unknown to Plaintiff.

On July 10, 1984, H.E.B. filed its first motion for continuance. In the motion, H.E.B. stated as follows:

... Mr. Ken Murphy is a material witness whose testimony is essential to the defendant. Mr. Murphy was available at the last trial setting to testify with arrangements having been made that he fly from Missouri to Texas. At that time, his location, along with a phone number and current employer was obtained. Upon attempting to contact Mr. Murphy several weeks ago to make arrangements for his appearance in Corpus Christi to testify in this case, it was learned that he no longer resided in Missouri and no longer worked for said employer. It was found that Mr. Murphy left no forwarding address. A considerable amount of time has been spent in attempting to locate Mr. Murphy. His whereabouts are still unknown. At-

tempts will continue up to the date of trial of this matter to locate Mr. Murphy.

\* \* \* \* \* \*

Mr. Murphy will testify that he was the store manager at the time of this incident. He will testify generally that he came on the scene, inspected the area where the alleged fall occurred, was unable to find any materials of a slippery or wet nature that could have possibly caused the plaintiff to fall. Therefore, as the court can well see, Mr. Murphy's testimony is extremely important. Defendant may need additional time in which to locate Mr. Murphy so that his testimony may be offered. Counsel for defendant has used due diligence to procure the testimony of Mr. Murphy, but has been unable to locate Mr. Murphy and is concerned that he may not be able to be located prior to trial of this matter. The absent testimony cannot be procured from any other source.

On July 17, 1984, an order was signed granting H.E.B.'s motion for continuance with the following language:

It is specifically ordered, however, that no further motions for continuance will be contemplated because of any availability problems of the witness for the defendant, a Mr. Ken Murphy.

The importance of Murphy's testimony to H.E.B.'s defense and the fact that H.E.B. intended to call Murphy as a witness was known to appellee at least as early as July 10, 1984, the date of the filing of H.E.B.'s motion for continuance. This was more than four months prior to the trial of this cause.

On November 28, 1984, the trial began, opening statements were heard and voir dire began. On general voir dire H.E.B.'s counsel, in reviewing the witnesses in the case, stated:

What about Ken Murphy? Ken Murphy at the time was the store director and is no longer store director. He has moved out of town. Anyone know Ken Murphy or remember meeting him at anytime?

The following exchange took place between H.E.B.'s counsel and prospective juror, Mrs. Bayarena:

MRS. BAYARENA: When you were mentioning the names of the witnesses, they are store employees, right?

MR. ABERNATHY: Yes, Ariel Cantu, and he still is an employee of H.E.B. and Ken Murphy who was at that time and no longer with them.

MRS. BAYARENA: Well, Ken Murphy, I think I recall the name since I do have to make contact with a lot of the people at all the H.E.B. stores.

MR. ABERNATHY: Okay. You don't remember him as far as knowing him personally?

MRS. BAYARENA: Not personally.

Mr. Bjorum, appellee's counsel, propounded the following questions to Mrs. Bayarena:

Q: Mrs. Bayarena, is there anything about your knowledge of Mr. Ken Murphy or the fact that your daughter currently works at H.E.B.—is that right?

A: Yes.

Q: Is there anything about your knowledge of Mr. Murphy or your daughter working with H.E.B. that would in anyway influence you for or against H.E.B. in this case?

A: No.

These exchanges at voir dire are further evidence that appellee's counsel knew that Murphy would be called as a witness for the defense.

During opening statements, H.E.B.'s counsel told the jury that:

The evidence will further show that the store manager [Ken Murphy] then came over there to see what had happened. Instead of being rude, which I think is going to be the testimony from Mrs. Morrow, he brought a chair over for her and asked if she wanted an ambulance. She said yes. He said: "You'll have to be responsible for that though." "Then don't call an ambulance," the evidence will show. She was asked whether they

could call a policeman. "No, don't call a policeman." She was asked: "Who can we call for you, Mrs. Morrow?" She was given a name or they brought her the phone book, she picked out a name, and the call was made and that person refused to come.

The above quoted portions of the opening statement of H.E.B.'s counsel indicated a promise to the jury that Murphy was going to testify and the substance of his testimony.

In the direct-examination and the cross-examination of appellee, Murphy or "the store manager" was referred to repeatedly by appellee, her counsel or H.E.B.'s counsel. Appellee also related alleged conversations between herself and Murphy or "the store manager." Appellee specifically denied that Murphy offered to call the police and let them help her. Appellee specifically denied that Murphy told her that he would call an ambulance but that appellee would have to pay for it. Appellee further specifically denied that Murphy brought her a phone book and offered to call anyone she suggested.

In view of the denial by H.E.B. of any negligent conduct by its employees, any questioning of appellee by her counsel as to statements made by Murphy or "the store manager" or any questions inquiring into what Murphy did would require contradictory evidence through the testimony of Murphy himself.

Since the testimony of appellee and H.E.B. differed on all material issues of the case, H.E.B. had the right to contradict appellee's testimony by the presentation of other witnesses. *Zimmerer v. Smyrl*, 670 S.W.2d 273 (Tex.App.—Houston [1st Dist.] 1983, no writ).

H.E.B., through its bill of exceptions, offered the testimony of Murphy which absolutely contradicted appellee's testimony of the statements made by appellee and the care, assistance, and help offered to her by Murphy. Since no one else was present during this conversation between Murphy and appellee, Murphy's testimony was not cumulative of any other testimony adduced during the trial. This testimony was necessary to H.E.B.'s defense to appellee's cause of action for negligent treatment after the accident.

In addition, in H.E.B.'s bill of exceptions, it was shown that H.E.B.'s counsel had been unable to locate Murphy and only had information that Murphy had moved to somewhere in Missouri shortly after the incident made the basis of appellee's suit; that approximately four weeks prior to trial, H.E.B.'s counsel obtained Murphy's telephone number and contacted him; and that at that time H.E.B. became aware that Murphy was residing in San Antonio but did not have an address for him. H.E.B. did not supplement with this newly acquired information.

At the conclusion of its bill of exceptions, H.E.B. moved to offer Murphy's testimony, first, as direct evidence, and second, for impeachment purposes. When it appeared to H.E.B.'s counsel that the Court was going to exclude the testimony, he moved for a continuance in order to allow appellee's counsel time to take Murphy's deposition at H.E.B.'s expense. The continuance was denied.

The jury imposed liability on H.E.B. based upon their finding that H.E.B. was negligent in its treatment of, and conduct toward appellee after her accident. This was the very area where Murphy's testimony would have had its greatest impact, i.e., the rebuttal and impeachment of appellee's testimony. This portion of Murphy's testimony was not elicited from any other sources. We find that the exclusion of Murphy's testimony was error and was reasonably calculated to cause and probably did cause the rendition of an improper judgment. TEX.R.CIV.P. 434. *See Houston Lighting & Power Co. v. Sue*, 644 S.W.2d 835 (Tex.App.—Corpus Christi 1982, writ ref'd. n.r.e.); *Texas Employers' Insurance Assoc. v. Webb*, 660 S.W.2d 856 (Tex.App.—Waco 1983, writ ref'd. n.r.e.).

■ Apparently the Court was under the impression that either all of Murphy's testimony would have to be admitted or all of it

would have to be excluded. (During argument for the motion to exclude the Court stated "I'm afraid it's probably an all or nothing situation"): Such is not the case. Clearly, the granting of a continuance or a postponement of the trial would possibly have been sufficient to protect appellee from any harm. *See Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 443. The trial court could have allowed time for appellee to depose Murphy, which was in fact requested by H.E.B. *See National Surety Corp. v. Rushing,* 628 S.W.2d 90 (Tex.App. —Beaumont 1981, no writ). The trial court also could have elected to exclude that portion of Murphy's testimony wherein he relates having actually seen appellee "just kind of slump down as if she had fainted or something like that." In addition, the trial court could have restricted Murphy's testimony to impeachment or rebuttal testimony, as H.E.B. also requested. *See Olin Corp. v. Dyson,* 678 S.W.2d 650, 655 (Tex. App.—Houston [14th Dist.] 1984), *rev'd. and remanded on other grounds,* 692 S.W.2d 456 (Tex.1985).

In *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439 (Tex.1984), plaintiff offered the expert testimony of George Baumann, a Braniff Airline pilot, to testify as to the qualifications necessary to become a commercial pilot and the earning potential of such a pilot. Cessna moved to exclude Baumann's testimony on the basis that the offer of his testimony was an unfair surprise because the plaintiff had not disclosed to Cessna in pretrial interrogatories that Baumann would be offered as an expert witness. Rather than exclude the evidence, the trial court ordered that Baumann's deposition be taken that afternoon. On appeal, Cessna argued that the trial court's refusal to exclude Baumann's testimony was an abuse of discretion. Agreeing with this argument, the Court of Appeals reversed the judgment of the trial court. On appeal to the Supreme Court, the Court of Appeals' judgment was reversed and the trial court's judgment affirmed. Although *Smithson* was decided under the 1973 amendments to Rule 168 of the TEX.R. CIV.P., the case nevertheless has impor-

tance in pointing out the alternatives open to the trial court in imposing a sanction upon a party for failure to supplement an interrogatory other than the harsh action of excluding testimony in its entirety. In *Smithson,* Baumann's existence was completely unknown to Cessna until plaintiff offered his testimony at trial. This differs from the case at hand where the existence of Murphy was known to appellee long before trial began. The Supreme Court emphasized the curative effect that the granting of a continuance or postponement would have had. *Smithson,* at 443.

We feel that appellee's knowledge of Murphy and of the substance of his testimony and his importance as a witness to H.E.B.'s defense, coupled with the noncumulative nature of his testimony, was sufficient to support a finding by the trial court that compelling reasons existed for the admission of his testimony. Further, the exclusion of Murphy's *entire testimony* was an abuse of the trial court's discretion and was reasonably calculated to and probably did cause the rendition of an improper judgment.

Appellant's points of error one through five are sustained. Having addressed the controlling points of error, we decline to discuss appellant's additional contentions. The judgment of the trial court is REVERSED and the cause is REMANDED for a new trial.

## ON MOTION FOR REHEARING

Appellant H.E.B. contends on rehearing that our original opinion in this case is in error because we failed to limit remand to a new trial of the post-fall negligence cause of action only. We agree.

The jury found no liability attributable to H.E.B. on appellee's first ground of recovery, which alleged that H.E.B. was negligent in the maintenance of its floor. However, the jury found that H.E.B. was negligence and grossly neglient in its treatment of appellee after her fall.

Appellee did not assign error to the jury's finding on her first ground of recov-

ery. That portion of the judgment is AFFIRMED and should have been severed from the cause. *Young v. Hicks,* 559 S.W.2d 343 (Tex.1977); *Amoco Production Co., Inc. v. Thompson,* 657 S.W.2d 824 (Tex.App.—Corpus Christi), *rev'd on other grounds,* 662 S.W.2d 951 (Tex.1983); *McNabb v. Taylor Oil Field Rental Co.,* 428 S.W.2d 714 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.).

The judgment of the trial court is therefore AFFIRMED IN PART, REVERSED IN PART, and REMANDED for trial of the post-fall negligence and gross negligence issues only. TEX.R.CIV.P. 434.